THIRD DIVISION
August 29, 2007

No. 1-06-2304

| | | |
|---|---|---|
| SAMUEL GOLF, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 05L5753 |
| CARL HENDERSON and STATE FARM | ) | |
| MUTUAL AUTOMOBILE INSURANCE | ) | |
| COMPANY, a Corporation, | ) | The Honorable |
| | ) | Daniel M. Locallo, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Samuel Golf, filed an amended complaint against defendants, insurance agent

Carl Henderson and his employer State Farm Mutual Automobile Insurance Company (State

Farm), alleging that defendants breached their contract to obtain for plaintiff a disability insurance

policy that would pay him benefits in the event that he was injured in the course of his

employment and was consequently unable to work. Plaintiff further alleged that defendants

violated the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act)

(815 ILCS 505/1 *et seq.* (West 2004)) by misrepresenting, with intent that plaintiff rely on the

misrepresentation, that the policy presented to plaintiff, and ultimately purchased by plaintiff,

provided the requested coverage. The trial court granted defendants' motion to dismiss the

amended complaint, finding that plaintiff was charged with knowing the contents of his policy and

therefore could state neither a claim for breach of contract nor a claim for consumer fraud.

Plaintiff appealed.

1-06-2304

On appeal, plaintiff first contends that the consumer fraud count of his amended complaint was erroneously dismissed when he sufficiently stated a cause of action pursuant to section 2 of the Consumer Fraud Act. Plaintiff next contends that we should reverse the trial court's judgment and remand this case for further proceedings because Henderson breached his statutory duty pursuant to section 2-2201(a) of the Code of Civil Procedure (735 ILCS 5/2-2201(a) (West 2004)) to exercise ordinary care in procuring plaintiff's policy. Finally, plaintiff contends that his duty to know the contents of the policy was "not absolute where [he] was misled by [defendants]," and that, therefore, dismissal of his amended complaint was erroneous.

According to the pleadings filed by plaintiff, on February 28, 2004, plaintiff visited Henderson's State Farm office and asked that Henderson obtain for him a disability insurance policy that would pay him benefits in the event that he was injured at his job as a concrete finisher. Henderson presented plaintiff with a policy that he said would provide benefits under those circumstances. However, the policy contained the following exclusion:

"This policy does not cover *** any other loss caused or contributed by:

***

(d) Injury or Sickness to the extent you are entitled to

benefits under, or obtain any settlement related to, any Workers'

Compensation or Occupational Diseases Law, or any other state

disability law or program."

Henderson did not call plaintiff's attention to the exclusion and plaintiff purchased the policy on February 28, 2004.

2

Plaintiff was subsequently injured on the job on November 5, 2004, and was thereafter unable to work. Plaintiff received workers' compensation benefits as a result of his injury. State Farm denied plaintiff's claim for additional benefits under the disability insurance policy.

Plaintiff's initial complaint, in which he alleged that Henderson, as State Farm's employee,[1] was negligent in selling plaintiff the policy, which did not provide the benefits plaintiff had specifically requested, was filed on May 25, 2005.

Defendants moved to dismiss the complaint on November 23, 2005, alleging that the cause of action was barred by the economic-loss doctrine, which provides that "recovery for economic loss-the loss of the benefit of one's bargain-ordinarily is available only in contract and not in tort" (Bernot v. Primus Corp., 278 Ill. App. 3d 751, 754 (1996)).

The trial court permitted plaintiff to file an amended complaint on February 3, 2006, in which plaintiff alleged that defendants had breached their contract with plaintiff to obtain a policy that would entitle him to benefits if he were injured at work and that, pursuant to the Consumer Fraud Act, defendants had misrepresented to plaintiff that under the policy they provided, he would be entitled to benefits if he were injured at work.

Defendants moved to dismiss the amended complaint on March 17, 2006. They alleged that the complaint should be dismissed pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)) because plaintiff was charged as a matter of law with knowing the contents of his policy and therefore could state neither a claim of breach of contract nor a

_____

[1] In their brief, defendants do not contest the propriety of imputing the actions of Henderson to his employer, State Farm.

claim of consumer fraud and that the complaint should be dismissed pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)) because both claims were barred by the economic-loss doctrine, which, again, generally precludes negligence claims in contract actions.

On July 11, 2006, the trial court granted defendants' motion pursuant to section 2-615 of the Code of Civil Procedure, finding that plaintiff had a duty to know the contents of his policy, and dismissed the amended complaint with prejudice. The court further denied defendants' section 2-619 motion as moot. Plaintiff filed a timely notice of appeal.

At the outset, we note that we review an order dismissing a complaint pursuant to a motion to dismiss *de novo*. Country Mutual Insurance Co. v Carr, 366 Ill. App. 3d 758, 763 (2006), *appeal allowed*, *sub nom.* Country Mutual Insurance Co. v. Vogelzang, 222 Ill. 2d 569 (2006). A motion to dismiss an action on the pleadings should not be granted unless it is clearly apparent that no set of facts can be proven that would entitle the plaintiff to relief. Perelman v. Fisher, 298 Ill. App. 3d 1007, 1011 (1998). A reviewing court must determine whether the allegations set out in the complaint, taken in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief may be granted. Perelman, 298 Ill. App. 3d at 1011. We may affirm the dismissal of a complaint on any grounds on the record. Paul H. Schwendener, Inc. v. Jupiter Electric Co., 358 Ill. App. 3d 65, 71 (2005).

We will address the arguments raised in this appeal in a slightly different order than they were presented in the parties' briefs. We first address the parties' arguments regarding the dismissal of the two counts of plaintiff's amended complaint.

The first count alleged that Henderson, as State Farm's employee, breached his oral contract with plaintiff to obtain a policy that would provide plaintiff benefits if he were injured on the job and unable to work. Before the trial court and again on appeal, defendants argue that this count should be dismissed because plaintiff had an absolute duty to know the contents of his policy and because the claim was barred by the economic-loss doctrine. A close reading of plaintiff's brief, however, indicates that plaintiff does not specifically appeal the dismissal of his breach of contract count. The only contention raised by plaintiff that would arguably relate to that count is his third: that "the duty to read the policy is not absolute where the insured has been misled by the insurer." Nonetheless, under that heading, plaintiff does not develop an argument for reversal of the breach of contract count's dismissal. Moreover, in his conclusion, though plaintiff asks that we "reinstate[ this case] on all counts," he only specifically refers to the consumer fraud count, arguing that "the Consumer Fraud Act was designed to cover [defendants'] misrepresentations and omissions." In his reply brief, plaintiff more specifically alleges that he "has sufficiently [pled] a claim of breach of contract." However, as in his opening brief, plaintiff does not develop an argument or cite authority in support of reversal of the dismissal of the breach of contract count. Accordingly, in our view, plaintiff has either chosen not to appeal the court's dismissal of the breach of contract count of his amended complaint or has simply not sufficiently argued for the reversal of the dismissal of that count (see 210 Ill. 2d R. 341(h)(7) (points not argued in appellate brief or for which no supporting authority is cited are waived)), and we will not review that dismissal.

Concerning the consumer fraud count, plaintiff first contends that he stated a proper cause

of action under the Consumer Fraud Act.

Section 2 of the Consumer Fraud Act provides:

"[U]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact *** are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 2004).

To establish a violation of the Consumer Fraud Act, a plaintiff must prove "(1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." Siegel v. Levy Organization Development Co., 153 Ill. 2d 534, 542 (1992).

Defendants do not contest that plaintiff has properly pled the latter two requirements. However, defendants contend that plaintiff has not pled that they engaged in a deceptive act or practice.

In this regard, this case is similar to LeDonne v. AXA Equitable Life Insurance Co., 411 F.Supp. 2d 957 (N.D. Ill. 2006),[2] in which, as in the case before this court, the plaintiff insured

_____

[2] While we acknowledge that federal decisions are not binding on this court, they are persuasive and we may " 'elect to give considerable weight to the decisions of federal courts.' " Ramette v. AT&T Corp., 351 Ill. App. 3d 73, 83 (2004), quoting Sprietsma v. Mercury Marine, 197 Ill. 2d 112, 120 (2001).

brought suit against the defendant insurance agent pursuant to section 2 of the Consumer Fraud Act. The defendant moved to dismiss the Consumer Fraud Act claim, alleging that the plaintiff had failed to allege that the defendant had engaged in a misrepresentation of fact or a deceptive business practice. The court denied the motion with respect to that claim because the plaintiff had sufficiently alleged a misrepresentation, specifically that, in presenting the plaintiff with a policy, the defendant had assured the plaintiff that the policy would entitle him to benefits if he were injured and unable to operate his hardware store, despite the fact that the policy did not provide for such benefits.

Similarly, here, plaintiff has specifically alleged that Henderson, as an employee of State Farm, "misrepresented to the plaintiff that the disability policy he procured would pay the plaintiff $2,500.00 per month if he was injured at work and could not work." Simply stated, plaintiff has alleged a misrepresentation on the part of defendants. Accordingly, he has stated a cause of action for violation of section 2 of the Consumer Fraud Act.

Plaintiff next contends that his failure to know the content of his policy was not an absolute bar to his consumer fraud cause of action.

An insured has an affirmative duty to review the terms of a new policy issued to him and is burdened with knowing the contents of that policy. Perry v. Economy Fire & Casualty Co., 311 Ill. App. 3d 69, 70 (1999); Furtak v. Moffett, 284 Ill. App. 3d 255, 257 (1996). However, the appellate court has noted that this rule is not an absolute bar to causes of action brought by an insured against an insurance agent or broker as opposed to causes of action brought by an insured against an insurer.

1-06-2304

In Black v. Illinois Fair Plan Ass'n, 87 Ill. App. 3d 1106 (1980), the plaintiffs insureds brought suit against the defendant insurance agent alleging that the defendant was negligent in obtaining an insurance policy for the plaintiffs on the wrong property. The trial court dismissed the suit, finding that, as a matter of law, the plaintiffs were contributorily negligent when they failed to notice the mistake on the policy they were issued.

On appeal, the court recognized the general rule that an insured is bound to know the contents of his policy, but reasoned that the rule must be tested in light of the relationship between the insured and his agent. The court distinguished between cases addressing the liability of an insurer to an insured when the insured failed to note a discrepancy between the policy he received and the policy he requested and those between an insured and an agent. In the former cases, the Black court reasoned, the focus is on the ability of the parties to enforce the policy as written and the insured is attempting to deny the effectiveness of the policy's language. In those cases, the insured has a duty to read the policy and bring discrepancies to the insurer's attention upon receipt of the policy in order to prevent the insurer's rights from being prejudiced. However, a suit between an insured and an agent does not focus on the modification of the terms of a contract or prejudice to the parties. Instead, it involves proof that the agent negligently performed his duty to the insured or that he breached his contract with the insured. The court reversed the trial court's judgment, finding that, in a insured's case against his agent, the insured's failure to read his policy may be evidence of contributory negligence but is not contributory negligence as a matter of law.

In Perelman, the insured plaintiff brought suit against the defendant broker who, the

8

plaintiff alleged, had breached his agreement to obtain a disability policy under which the plaintiff's benefits would increase at the rate of inflation and had negligently misrepresented the contents of the policy that he had presented to the plaintiff. The trial court dismissed the case as barred by a tolled statute of limitations, finding that the plaintiff's cause of action had accrued at the time that he was presented with the policy because he had an affirmative duty to know the contents of his policy.

On appeal, the plaintiff contended that the trial court erred in finding that, as a matter of law, he should have known of the discrepancies between the policy requested and the policy received at the time he received the policy. The appellate court noted that when an insured brings suit against an insurer after failing to notice a discrepancy between the policy that was issued and the policy that was requested, the insured is bound by the terms of the policy because he has a duty to read the policy upon its receipt and inform the insurer of any discrepancies in order to prevent the insurer from being prejudiced in the future. However, the court drew a distinction between actions brought by insureds against insurers who issue policies and actions by insureds against agents or brokers who procure the policies. In the former cases, an insured is trying to deny the effect of part of the policy itself. In the latter cases, the suit depends on proof that the agent or broker failed to fulfill its obligations to the insured, and therefore the plaintiff's failure to know the contents of the policy is not a bar to the cause of action. The Perelman court determined that the plaintiff had adequately raised a genuine issue of fact as to whether the defendant had breached his obligations to the plaintiff. Therefore, the court concluded that the trial court erred in holding that the plaintiff's suit was defeated as a matter of law because he did

not realize the breach when he initially received the policy.

In this case, plaintiff is not denying the effectiveness of the language of the policy itself. Instead, he alleges that defendants failed to fulfill their obligations pursuant to section 2 of the Consumer Fraud Act when they misrepresented the content of the policy in selling it to plaintiff. Under these circumstance, pursuant to Black and Perelman, plaintiff's failure to know the content of his policy is not an absolute bar to his Consumer Fraud Act cause of action and the count was, therefore, erroneously dismissed by the court.

We turn now to defendants' contention that the consumer fraud count could have been alternatively dismissed pursuant to the economic-loss doctrine.

Pursuant to the Country Mutual court's reasoning, we find that plaintiff's Consumer Fraud Act cause of action is not barred by the economic-loss doctrine. In Country Mutual, the insured brought suit alleging a violation of 2-2201(a) of the Code of Civil Procedure, which provides that an insurer "shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured" (735 ILCS 5/2-2201(a) (West 2004)). On appeal, the insured contended that the trial court had erred in dismissing the claim as barred by the economic-loss doctrine. The Country Mutual court explained:

> "The economic-loss doctrine, or Moorman doctrine, has its Illinois roots in
>
> [Moorman Manufacturing Co. v. National Tank Co., 91 Ill. 2d 69 (1982)]. In
>
> Moorman, the plaintiff sued to recover damages under various tort causes of
>
> action resulting from 'an alleged crack in a grain-storage tank.' [Citation.] The
>
> Supreme Court of Illinois reasoned the plaintiff could not recover under the tort

10

theories upon finding 'at common law, purely economic loss was generally not recoverable in tort.' [Citation.] The court concluded that contract law, protecting expectation interests, provided ' "the proper standard when a qualitative defect [was] involved.' " [Citations.]

The <u>Moorman</u> doctrine, however, does not apply when a duty arises that is extracontractual. [Citation.] For instance, in [<u>Kanter v. Deitelbaum</u>, 271 Ill. App. 3d 750 (1995)], the First District rejected the argument the <u>Moorman</u> doctrine barred a claim against an insurance broker who failed to procure the health-insurance coverage as agreed. [Citation.] The court reasoned the broker, who had a fiduciary duty to the insured, had a duty that arose outside the contract." <u>Country Mutual</u>, 366 Ill. App. 3d at 767-68, quoting <u>Moorman</u>, 91 Ill. 2d at 72, and <u>First Midwest Bank, N.A. v. Stewart Title Guaranty Co.</u>, 218 Ill. 2d 326, 337 (2006).

The court concluded that the duty created by section 2-2201(a) of the Code of Civil Procedure, like the fiduciary duty in <u>Kanter</u>, was an extracontractual duty. Accordingly, the economic-loss doctrine did not bar the insured's claim.

In this case, plaintiff advanced a statutory consumer fraud claim pursuant to section 2 of the Consumer Fraud Act. It follows that the obligations which plaintiff alleges defendants failed to fulfill in misrepresenting the material facts of the policy were created by the statute. Put another way, the duties that plaintiff alleges were violated arose outside of any contract between the parties. Because these duties were extracontractual, like the <u>Country Mutual</u> and <u>Kanter</u>

11

courts, we find that plaintiff's cause of action is not barred by the economic-loss doctrine.

We further note that defendants generally argue throughout their brief that plaintiff's suit was properly dismissed because plaintiff cannot show that he was damaged by defendants' failure to obtain the requested policy. The parties agree that plaintiff was entitled to and collected worker's compensation benefits from the state after he was injured on the job and defendants argue that because he was able to collect those benefits, he was not damaged by defendants' actions in failing to obtain the requested coverage. However, defendants fail to cite authority which would support their argument that plaintiff could not collect worker's compensation benefits and also collect benefits for which he had contracted with a private insurance company. Accordingly, we regard this argument as waived. See 210 Ill. 2d R. 341(i); Libertyville Toyota v. U.S. Bank, 371 Ill. App. 3d 1009, 1017 (2007) ("arguments presented in an appellate brief that are not supported by relevant authority are waived").

Finally, we address plaintiff's second contention: that reversal is warranted because Henderson breached his statutory duty to exercise ordinary care in procuring plaintiff's policy pursuant to section 2-2201(a) of the Code of Civil Procedure.

Specifically, section 2-2201(a) of the Code of Civil Procedure provides:

"An insurance producer, registered firm, and limited insurance representative shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured."

735 ILCS 5/2-2201(a) (West 2004).[3]

_____

[3] Defendants do not dispute that they were either "insurance producer[s], registered firm[s

1-06-2304

The Country Mutual court construed section 2-2201(a) to mean that insurance producers, including agents, have a duty "to act with ordinary care in procuring insurance for insureds" (Country Mutual, 366 Ill. App. 3d at 766) and held that the plaintiff in that case had stated a claim for breach of that duty.

As defendants note, this allegation, that Henderson breached his statutory duty to plaintiff, was not raised in plaintiff's amended complaint nor was it raised in response to defendants' motion to dismiss plaintiff's amended complaint. Though plaintiff did raise a claim of negligence in his original complaint, plaintiff chose to plead over that complaint and to pursue breach of contract and consumer fraud claims, rather than a tort claim. Consequently, plaintiff's appellate contention that he could state a cause of action pursuant section 2-2201(a) of the Code of Civil Procedure is waived. See O'Malley v. Village of Palos Park, 346 Ill. App. 3d 567, 576 (2004), quoting Barnett v. Zion Park District, 171 Ill. 2d 378, 384 (1996) (" '[a]llegations in a former complaint not incorporated in the final amended complaint are deemed waived' "); Morgan v. CUNA Mutual Insurance Society, 242 Ill. App. 3d 1027, 1029 (1993), quoting Lemke v. Kenilworth Insurance Co., 109 Ill. 2d 350, 355 (1985) (" '[i]ssues concerning alleged error not raised in the trial court are waived and, therefore, cannot be raised for the first time on appeal' ").

Plaintiff notes that Country Mutual was decided after his amended complaint was dismissed and argues that, therefore, we should ignore the waiver of his section 2-2201 claim. This argument is unavailing. Though Country Mutual was decided on July 14, 2006, three days after the dismissal of plaintiff's amended complaint, as the Country Mutual court noted, section 2-

_____

or] limited insurance representative[s]." 735 ILCS 5/2-2201(a) (West 2004).

13

2201 of the Code of Civil Procedure, which established an insurance agent's duty to act with ordinary care in procuring the coverage requested by an insured, was enacted by the General Assembly in 1996 and became effective in 1997 (Country Mutual, 366 Ill. App. 3d at 763, citing Pub. Act 89-638, §5, eff. January 1, 1997 (adding 735 ILCS 5/2-2201 (West 1998))), several years before plaintiff purchased insurance from defendant. Accordingly, we refuse to excuse plaintiff's waiver of his section 2-2201 claim.

Nonetheless, we recognize that, on remand from an appellate court, a trial court is not precluded from allowing the plaintiff to amend or supplement his pleadings if the case was not remanded with specific instructions and if amendment is not inconsistent with the legal principles announced by the appellate court. Clemons v. Mechanical Devices Co., 202 Ill. 2d 344, 352-53 (2002) (on remand for a new trial, the plaintiff was not precluded from amending his complaint to add an additional count); Merrill v. Drazek, 58 Ill. App. 3d 455, 457-58 (1978) (because issues addressed by appellate and supreme court on appeal did not include damages, on remand to the trial court, the plaintiff was not precluded from amending complaint to state with specificity a damages claim); Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co., 63 Ill. 2d 61, 69 (1976) (on remand from a reversal of summary judgment with directions that the trial court allow for presentation of evidence to resolve disputed facts, trial court was not precluded from allowing the plaintiff to amend and supplement its pleadings). Though we will not address the merits of plaintiff's contention that he could properly state a cause of action pursuant section 2-2201(a) of the Code of Civil Procedure because that contention was not raised before the trial court, this opinion does not necessarily preclude plaintiff from moving to amend his complaint to plead such

a cause of action on remand. However, because plaintiff may be precluded from pursuing an amendment for some other reason or may decide not to advance such a motion, because the decision to grant or deny such a motion is within the trial court's discretion and because many factors go into a court's consideration of whether amendment should be allowed (see, *e.g.*, Goldberg v. Rush University Medical Center, 371 Ill. App. 3d 597, 604 (2007)), it would be premature to address the merits of a motion to amend the pleadings.

In summary, because it was not appealed or, alternatively, was not adequately argued, we affirm the trial court's dismissal of plaintiff's breach of contract claim. Because plaintiff adequately stated a cause of action alleging violation of the Consumer Fraud Act and because such cause of action was not precluded, as a matter of law, by plaintiff's obligation to know the contents of his insurance policy or by the economic-loss doctrine, we reverse the trial court's dismissal of plaintiff's consumer fraud claim. Finally, because it is waived, we refuse to address plaintiff's claim that he could state a cause of action pursuant to section 2-2201 of the Code of Civil Procedure.

Affirmed in part and reversed in part; cause remanded.

KARNEZIS and CUNNINGHAM, JJ., concur.