NO. 3-06-0521

Filed May 15, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| KENNETH A. MCCREADY, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Iroquois County, Illinois |
| | ) | |
| v. | ) | |
| | ) | No. 04-CH-29 |
| ILLINOIS SECRETARY OF STATE | ) | |
| JESSE WHITE, AUTOMOTIVE BODY AND | ) | |
| TIRE CENTER, INC., KRYSTYNA | ) | |
| JOHNSON and PHIL JOHNSON, | ) | Honorable |
| | ) | Scott-Swaim |
| Defendants-Appellees. | ) | Judge, Presiding |

Justice Lytton delivered the Opinion of the court:

_____Plaintiff, Kenneth McCready, filed a fourteen-count complaint against defendants, Illinois Secretary of State Jesse White, Automotive Body and Tire Center, Inc. (AB&T), Krystyna Johnson and Phil Johnson but never served the Johnsons. White and AB&T filed motions to dismiss, which the trial court granted. We affirm.

BACKGROUND

_____Plaintiff is in the business of purchasing vehicles at lien sales to resell at a profit. He also buys loans that are secured by security interests in motor vehicles titled in Illinois. As a part of his business, plaintiff files requests with Secretary White to obtain copies of vehicle title histories.

In May, 2004, Plaintiff filed a complaint against White. In January, 2005, plaintiff amended his complaint, adding new claims

and new defendants, including AB&T and its officers, Krystyna Johnson and Phil Johnson.  In November, 2005, plaintiff filed a second amended complaint consisting of fourteen counts.  Plaintiff never properly served Krystyna Johnson or Phil Johnson with the amended complaint or second amended complaint.

In Counts I through III of his second amended complaint, plaintiff alleged that White violated the Freedom of Information Act (FOIA) (5 ILCS 140/1 et seq. (West 2004)) by failing to provide him with full and complete copies of vehicle title histories he requested in 1999 and 2004.

In Count IV, plaintiff requested declaratory judgment against all defendants for wrongfully omitting any reference to a security interest that plaintiff held in a vehicle.  According to plaintiff, he purchased a security interest in a Pontiac Bonneville from Carrollton Bank on October 14, 1998.  In support of this allegation, plaintiff attached to his complaint the security agreement between the vehicle's owner, Juan Ingram, and Carrollton bank.  At the bottom of the agreement, the following handwritten language appears: "ASSIGNMENT: ASSIGNED TO KENNETH MCCREADY WITHOUT RECOURSE.  BY: J.E. WATT, SVP[,] CARROLLTON BANK[,] JUNE 25, 2003." According to plaintiff, AB&T unlawfully erased his valid, perfected security interest in the vehicle by pretending that Phil Johnson purchased the vehicle from AB&T and then requesting a new title. Plaintiff further alleged that White acted unlawfully in removing Carrollton Bank's security interest from the certificate of title and title history for the Pontiac Bonneville.

2

Counts V through IX were directed against AB&T. Count V alleged that AB&T violated the Illinois Vehicle Code and the Labor and Storage Lien Act by intentionally omitting reference to plaintiff's security interest in its application for a new certificate of title, falsely representing that a public sale of the Bonneville had taken place, and pretending that the vehicle had been sold to Phil Johnson. Plaintiff requested monetary damages in the amount of $5,660.61, representing the unpaid balance plus interest on the loan Carrollton Bank transferred to plaintiff.

In Count VI, plaintiff alleged that AB&T violated the Uniform Deceptive Trade Practices Act by taking part in a scheme to procure titles in its own names and wipe valid, prior perfected security interests from those titles. Count VII alleged that AB&T violated the Consumer Fraud and Deceptive Business Practices Act by refusing to disclose to plaintiff when public sales would occur, including the 1998 sale of the Pontiac Bonneville. Plaintiff requested injunctive relief in both of these counts.

In Count VIII, plaintiff alleged that AB&T committed a conversion by intentionally omitting his security interest in the Bonneville. Plaintiff sought actual damages of $3100, which plaintiff claimed was the value of his security interest in the Bonneville when it was sold. Count IX alleged that AB&T committed a civil conspiracy by obtaining title to the Bonneville and wiping evidence of plaintiff's security interest from the vehicle's title. In this count, plaintiff sought monetary damages of $5660.61, representing the value of plaintiff's security interest in the

3

Bonneville, plus interest.

Counts X through XIV were directed solely against Secretary White, seeking to require White to act or refrain from acting. In Count X, plaintiff sought a declaration that Public Act 85-1283 is unconstitutional. In Count XI, plaintiff sought a declaration that the portion of 92 Ill. Adm. Code § 1002.20 that defines the term "other business entities" is unconstitutional, invalid and unenforceable. In Count XII, plaintiff sought a declaration that he was entitled to statutory exemptions from waiting and redaction of information in his requests for vehicle information. In Count XIII, plaintiff alleged that the "information request forms" adopted by White violate Illinois law and sought a mandamus order compelling White to promulgate a new form. Finally, in Count XIV, plaintiff brought a quo warranto action seeking removal of White from office.

Defendant White filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code), alleging that plaintiff's complaint should be dismissed with prejudice because (1) plaintiff's claims violated the applicable statutes of limitations, (2) Counts I through III failed to state a claim under the FOIA, (3) plaintiff was not entitled to declaratory relief, and (4) plaintiff could not allege facts to support his mandamus or quo warranto claims. Defendant AB&T filed a motion to dismiss, alleging that (1) all of the counts against it should be dismissed pursuant to sections 2-606 and 2-615 of the Code because no document attached to the complaint showed that plaintiff had any

4

enforceable interest in the Pontiac Bonneville, and (2) plaintiff's claims under the Uniform Deceptive Trade Practices Act and the Consumer Fraud and Deceptive Business Practices Act should be dismissed pursuant to section 2-619 of the Code because they were barred by statutes of limitation.

The trial court granted defendants' motions, and dismissed plaintiff's second amended complaint with prejudice, "adopt[ing] the reasoning in each [motion to dismiss] as its position on all of the Counts of the 2nd Amended Complaint * * *."

ANALYSIS

Section 2-606 of the Code requires that a written instrument upon which a claim or defense is founded be attached to the pleading as an exhibit or recited therein. 735 ILCS 5/2-606 (West 2004). If the instrument is attached to the pleading as an exhibit, it constitutes part of the pleading. 735 ILCS 5/2-606 (West 2004). If there is a conflict between a written exhibit and the allegations of a pleading, the exhibit controls. Garrison v. Choh, 308 Ill. App.3d 48, 53, 719 N.E.2d 237, 240-41 (1999). A motion to dismiss does not admit allegations of a complaint that are in conflict with facts disclosed by the exhibit. Wilbur Waggoner Equipment Rental & Excavating Co. v. Johnson, 33 Ill. App. 3d 358, 342 N.E.2d 266 (1975).

A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. Bajwa v. Metropolitan Life Insurance Co., 208 Ill. 2d 414, 421, 804 N.E.2d 519, 525 (2004). When ruling on a section 2-615 motion to dismiss, the court must accept as true

5

all well-pleaded facts in the complaint and reasonable inferences drawn therefrom.  Maag v. Illinois Coalition for Jobs, Growth and Prosperity, 368 Ill. App. 3d 844, 848, 858 N.E.2d 967, 972 (2006). A section 2-615 motion to dismiss should be granted if, after viewing the allegations in the light most favorable to the plaintiff, the complaint fails to state a cause of action on which relief can be granted.  Bryson v. News America Publications, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1214 (1996).

A section 2-619(a)(5) motion to dismiss allows for dismissal of a cause of action when "the cause of action was not commenced within the time limited by law."  735 ILCS 5/2-619(a)(5) (West 2004).  A section 2-619(a)(9) motion to dismiss is proper where "the claim asserted against defendant is barred by other affirmative matter avoiding the effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004).  Lack of standing is an "affirmative matter" properly challenged in a section 2-619(a)(9) motion to dismiss.  International Union of Operating Engineers, Local 148, AFL-CIO v. Illinois Department of Employment Security, 215 Ill. 2d 37, 44-45, 828 N.E.2d 1104, 110 (2005).  When deciding a 2-619 motion, a court takes all well-pleaded facts in the complaint as true.  Craig v. United Automobile Insurance Co., 377 Ill. App. 3d 1, 3, 878 N.E.2d 155, 157 (2007).

We review de novo an order dismissing a complaint pursuant to a motion to dismiss.  Golf v. Henderson, 376 Ill. App. 3d 271, 274, 876 N.E.2d 105, 109 (2007).  We may affirm the dismissal of a complaint on any grounds contained in the record.  Golf, 376 Ill.

6

App. 3d at 275, 876 N.E.2d at 109.

I. Plaintiff's FOIA Claims (Counts I through III)

It is a fundamental rule of statutory construction that when there is a general statutory provision and a specific statutory provision, either in the same or in another act, that both relate to the same subject, the specific provision controls and should be applied. Knolls Condominium Assoc. v. Harms, 202 Ill. 2d 450, 459, 781 N.E.2d 261, 267 (2002); Hernon v. E.W. Corrigan Construction Co., 149 Ill.2d 190, 195, 595 N.E.2d 561, 563 (1992).

The FOIA requires public bodies to make all public records available to any person for inspection or copying upon request, subject to certain exceptions. 5 ILCS 140/3(a) (West 2004). A public body is required to comply or deny a written request for public records within seven working days unless the public body notifies the person making the request that an additional seven days is necessary. 5 ILCS 140/3(c), (e) (West 2004). If a public body fails to respond to a request or notify the requester that additional time is required within seven days, the request is considered denied. 5 ILCS 140/3(c), (e) (West 2004). The public body is authorized to charge fees necessary to reimburse it for the actual cost of reproducing and certifying the requested public records. 5 ILCS 140/6(a) (West 2004).

Section 2-123(f) of the Illinois Vehicle Code governs requests for vehicle registration and title searches. 625 ILCS 5/2-123(f) (West 2004). It requires the Secretary of State to perform searches for any person, upon written application of such person,

7

accompanied by a fee of $5 for each search. 625 ILCS 5/2-123(f) (West 2004). The written application must provide the intended use of the requested information. 625 ILCS 5/2-123(f) (West 2004). A report provided by the Secretary in response to a request cannot contain personally identifying information unless the request was made for one of the purposes identified in subsection (f-5). 625 ILCS 5/2-123(f), (f-5) (West 2004). The Secretary must wait 10 days before releasing any information to the requester unless the request is made by or on behalf of certain individuals, officials, agencies, institutions or businesses, including "automobile associated businesses, and other business entities for purposes consistent with the Illinois Vehicle Code." 625 ILCS 5/2-123(f) (West 2004).

The FOIA and section 2-123(f) of the Vehicle Code have several conflicting provisions. Most notably, the FOIA requires a public body to respond to a request within 7 days, while section 2-123(f) prohibits the Secretary from responding to a request within 10 days under most circumstances. 5 ILCS 140/3(c); 625 ILCS 5/2-123(f) (West 2004). Additionally, section 2-123(f) contains requirements and prohibitions not found in the FOIA in that the requester must provide the intended use of the information, and the responder may not provide personally identifying information except in limited circumstances. 5 ILCS 140/3(c); 625 ILCS 5/2-123(f) (West 2004). Finally, section 2-123(f) imposes a $5 fee for all searches, while the FOIA imposes fees based on the actual cost of reproducing and certifying records. 5 ILCS 140/3(c); 625 ILCS 5/2-123(f) (West

8

2004).

Section 2-123 of the Vehicle Code directly regulates vehicle title searches, while the FOIA regulates searches of public records generally. Thus, section 2-123 of the Vehicle Code, not the FOIA, controls plaintiff's requests. See Knolls Condominium Assoc., 202 Ill. 2d at 459. 781 N.E.2d at 267; Hernon, 149 Ill.2d at 195, 595 N.E.2d at 563. Because Counts I through III do not allege that White violated section 2-123 of the Vehicle Code, the trial court properly dismissed those counts.

II. Plaintiff's Declaratory Judgment Claim (Count IV)

In order to have standing to maintain a declaratory judgment action, the party seeking the declaration must be interested in the controversy and must possess a personal claim, status or right which is capable of being affected. Sharma v. Zollar, 265 Ill. App.3d 1022, 1027, 638 N.E.2d 736, 740 (1994). If a plaintiff lacks standing, dismissal is proper pursuant to section 2-619(a)(9) of the Code. See International Union of Operating Engineers, 215 Ill. 2d at 44-45, 828 N.E.2d at 1110.

Plaintiff's claim for declaratory judgment is premised on his alleged ownership of a security interest in the Pontiac Bonneville in 1998 when AB&T sought and White issued a new title for the vehicle. As evidence of his interest in the vehicle, plaintiff attached, as an exhibit to his complaint, a copy of the 1997 note entered into between Carrollton Bank and Juan Ingram, which contained a handwritten assignment to plaintiff dated June 25, 2003.

9

Plaintiff's declaratory judgment action is founded upon his alleged security interest in the vehicle, which is evidenced by the note; thus, the contents of the note are taken as true and correct. See Garrison, 308 Ill. App.3d at 53, 719 N.E.2d at 240-41. Rather than supporting plaintiff's claim of possession of a security interest in the Bonneville at the time of defendants' alleged wrongdoing, the note refutes such a claim. On its face, the note establishes that plaintiff did not have an interest in the vehicle until 2003, years after AB&T and White allegedly acted illegally by seeking and issuing a new title to the vehicle.

Because plaintiff's complaint reveals that plaintiff did not have an interest in the vehicle in 1998, plaintiff has failed to establish that he possessed a personal claim, status or right that was affected by defendants' alleged wrongful acts. Thus, the trial court properly dismissed plaintiff's declaratory judgment action.

III. Plaintiff's Claims for Violation of the Illinois Vehicle Code and the Labor and Storage Lien Act, Conversion and Conspiracy (Counts V, VIII and IX)

In Counts V, VIII and IX, plaintiff alleged that AB&T violated various laws by intentionally omitting or wiping out his security interest in the Pontiac Bonneville when AB&T sought and obtained a new title for the vehicle in 1998. In Count VIII, plaintiff requested monetary damages in the amount of Carrollton Bank's security interest in the Bonneville that was allegedly transferred to him. In Counts V and IX, plaintiff sought the value of his alleged security interest plus interest.

10

These counts are founded on plaintiff owning a security interest in the Bonneville at the time of AB&T's alleged unlawful acts.  Thus, plaintiff was required to attach to his complaint a copy of the document that evidenced his security interest in the vehicle.  See 735 ILCS 5/2-606 (West 2004).

The note plaintiff attached to his complaint does not show that he possessed a security interest in the Bonneville in 1998, as he alleged in his complaint.  Because the allegations of the complaint conflict with the attached exhibit, the exhibit controls.  Garrison, 308 Ill. App.3d at 53, 719 N.E.2d at 240-41.

According to the exhibit attached to and made a part of plaintiff's complaint, plaintiff did not obtain the security interest in the Bonneville until 2003, when Carrollton Bank assigned the note to him.  Thus, plaintiff's claims that AB&T unlawfully omitted or wiped out his security interest in the Pontiac Bonneville in 1998 (when he did not possess such a security interest), cannot stand.  The trial court properly dismissed these counts.

IV.  Plaintiff's claims for violations of the Uniform Deceptive Trade Practices Act and the Consumer Fraud and Deceptive Business Practices Act (Counts VI and VII)

An action for damages under the Consumer Fraud and Deceptive Business Practices Act must be brought within three years after the cause of action accrues.  815 ILCS 505/10a(e) (West 2004).  This limitation provision also applies to claims under the Uniform Deceptive Trade Practices Act.  Elrad v. United Life and Accident

11

Insurance Co., 624 F. Supp. 742, 745 (N.D. Ill. 1985).

Plaintiff claims that the three year statute of limitations does not apply to his claims because he is seeking injunctive relief, not monetary damages. He argues that pursuant to section 13-205 of the Code of Civil Procedure, a five year limitations period applies to these claims. See 735 ILCS 5/13-205 (West 2004) (five year limitations period applies to all civil actions not otherwise provided for). We disagree.

The limitations provision found in section 10a(e) of the Consumer Fraud Act refers only to "action[s] for damages." 815 ILCS 505/10a(e) (West 2004). However, a claim for injunctive relief can only be brought along with an action for damages. See 815 ILCS 505/10a(c) (West 2004) ("[I]n any action brought by a person under this Section [entitled "Action for actual damages"], the Court may grant injunctive relief where appropriate * * *."); see also Smith v. Prime Cable of Chicago, 276 Ill. App. 3d 843, 658 N.E.2d 1325, 1337 (1995) (injunctive relief is not available absent actual damages). Thus, the three year statute of limitations contained in the Consumer Fraud Act and applied to claims under the Uniform Deceptive Trade Practices Act applies to claims for injunctive relief.

Plaintiff admits that more than three years passed between the wrongful actions AB&T allegedly committed in 1998 and the filing of his amended complaint in 2005. Thus, the trial court properly

dismissed Counts VI and VII of plaintiff's complaint.[1]

V.  Alleged Unconstitutionality of Public Act 85-1283 (Count X)

Plaintiff has waived any challenge to the trial court's dismissal of Count X because he did not raise this issue in his opening brief.  See 188 Ill.2d R. 341(e)(7) (2001); Dorsey v. Ryan, 110 Ill. App. 3d 577, 584, 442 N.E.2d 689, 693 (1982).

VI.  Alleged Unconstitutionality of 92 Ill. Adm. Code § 1002.20 (Count XI) and Plaintiff's Alleged Entitlement to Statutory Exemptions under the Vehicle Code (Count XII)

Pursuant to section 2-123 of the Illinois Vehicle Code, which governs requests for vehicle registration and title information, a report from the Secretary must not disclose any personally identifying information unless the request was made for one of the purposes identified in subsection (f-5), including "matters of motor vehicle or driver safety and theft."  625 ILCS 5/2-123 (f-5)(2) (West 2004).  Additionally, the Secretary must wait 10 days before releasing any information to a requester unless the request is made by or on behalf of certain individuals, officials, agencies, institutions or businesses, including "automobile

---

[1]  Even if we were to find that a five year statute of limitations should be applied to these claims, the trial court still properly dismissed them because more than five years lapsed between the alleged wrongful actions and the filing of plaintiff's claims.  We cannot accept plaintiff's contention that his complaint was originally filed within five years in federal court, dismissed and then timely refiled in state court because the appellate record does not contain the federal complaint or dismissal order.  See TruServ Corp. v. Ernst & Young, LLP, 376 Ill. App. 3d 218, 225, 876 N.E.2d 77, 84-85 (2007) (appellant bears the burden of providing a complete record and any lack of completeness is construed against him).

associated businesses, and other business entities for purposes consistent with the Illinois Vehicle Code." 625 ILCS 5/2-123(f) (West 2004).

The phrases "automobile associated business" and "other business entities for purposes consistent with the Illinois Vehicle Code" are not defined in the Vehicle Code but are defined in the Secretary's regulations. According to the Secretary's regulations, "automobile associated business" "shall include but not be limited to new or used vehicle dealerships, vehicle rental agencies and tow truck operators." 92 Ill. Adm. Code § 1002.20 (2004). "[O]ther business entities for purposes consistent with the Illinois Vehicle Code" are defined as "licensed remitters when requesting registration or title information; public libraries, public educational institutions, and private educational institutions when requesting driving records, or registration or title information." 92 Ill. Adm. Code § 1002.20 (2004).

Administrative regulations have the force and effect of law, and must be construed under the same standards that govern the construction of statutes. Northern Illinois Automobile Wreckers and Rebuilders Association v. Dixon, 75 Ill.2d 53, 58, 387 N.E.2d 320, 323 (1979). Like a statute, an administrative regulation enjoys a presumption of validity. Dixon, 75 Ill. 2d at 58, 387 N.E.2d at 323. A party challenging a regulation has the burden of showing that it is unconstitutional. Exhibits, Inc. v. Sweet, 303 Ill. App. 3d 423, 427, 709 N.E.2d 236, 239 (1999).

In Count XI, Plaintiff argues that 92 Ill. Adm. Code § 1002.20

14

is constitutionally invalid because it does not include sole proprietorships in its definition of a "business entit[y] for purposes consistent with the Illinois Vehicle Code." We disagree.

When an agency acts in its rulemaking capacity, a court will not substitute its judgment for that of the agency. Granite City Division of National Steel Co. v. Illinois Pollution Control Board, 155 Ill. 2d 149, 162, 613 N.E.2d 719, 724 (1993). Administrative regulations will not be set aside unless they are arbitrary or capricious. Granite City, 155 Ill. 2d at 162, 613 N.E.2d at 724. We find nothing arbitrary, capricious or unconstitutional about the Secretary's decision to define "business entities for purposes consistent with the Illinois Vehicle Code" to include "licensed remitters when requesting registration or title information; public libraries, public educational institutions, and private educational institutions when requesting driving records, or registration or title information." Plaintiff has failed to meet his burden of establishing the invalidity of this regulation. Thus, the trial court properly dismissed Count XI of Plaintiff's Complaint.

In Count XII, plaintiff sought a declaration that he was exempt from the 10-day waiting period and entitled to unredacted title information. He claimed that he was not subject to the 10-day waiting period under the Vehicle Code because he was either an "automobile associated business" or "other business entit[y] for purposes consistent with the Illinois Vehicle Code." He also claimed that he was entitled to reports containing personally identifying information because he was seeking the information for

15

"matters of motor vehicle or driver safety and theft." We reject these claims.

Plaintiff admits that he is a sole proprietor in the business of buying commercial paper, installment loans and security interests for vehicles. As such, he is neither an "automobile associated business" nor "other business entit[y] for purposes consistent with the Illinois Vehicle Code" as those terms are defined in the Illinois Administrative Code. Additionally, plaintiff is seeking the title information he requests from the Secretary for business purposes. Because that is not one of the purposes enumerated under section (f-5), plaintiff is not entitled to "any personally identifying information." See 625 ILCS 5/2-123(f-5) (West 2004). Thus, the trial court properly dismissed Count XII of plaintiff's complaint.

## VI. Plaintiff's _Mandamus_ Claim (Count XIII)

_Mandamus_ relief is an extraordinary remedy to enforce the performance of official duties by a public official where the official is not exercising discretion. _Dye v. Pierce_, 369 Ill. App. 3d 683, 686, 868 N.E.2d 293, 296 (2006). A writ of _mandamus_ will not lie when its effect is to substitute the court's judgment for the official's judgment. _Dye_, 369 Ill. App. 3d at 686-87, 868 N.E.2d at 296.

Secretary White is vested with the powers and duties of administering the Vehicle Code. 625 ILCS 5/2-101 (West 2004). Those powers and duties include prescribing and providing suitable forms as are necessary to carry out the provisions of the Vehicle

16

Code. 625 ILCS 5/2-106 (West 2004). In connection with his duties under section 2-123 of the Vehicle Code, White has created an "Information Request Form."

Plaintiff alleges that the "Information Request Form" that White created does not comport with section 2-123 of the Vehicle Code. We disagree. In Sections I through III of the form, the requester must provide his contact information, submit the appropriate fee and provide as much information as possible about the vehicle for which he seeks information. In section IV of the form, the requester must provide a reason or reasons for the request, as required by section 2-123(f) of the Vehicle Code. As explained in the form's instructions, if the requester is an official, agency, institution, individual or business exempt from the 10-day waiting period, the requester must indicate that in section IV. The second page of the form lists the purposes outlined in section 2-123(f-5) of the Vehicle Code, which allow the Secretary to provide the requester with personally identifying information, and allows the requester to check the appropriate box next to the purpose for which he will be using the information.

The "Information Request Form" contains all of the applicable provisions and requirements of sections 2-123 of the Vehicle Code. Thus, the trial court properly dismissed plaintiff's claim for mandamus seeking to compel the Secretary to adopt a new form for vehicle and title requests.

VII. Plaintiff's Quo Warranto Claim (Count XIV)

The purpose of a quo warranto action is to question whether a

17

person lawfully holds title to office.  In re Appointment of a Special State's Attorney, 305 Ill. App. 3d 749, 758-59, 713 N.E.2d 168, 175 (1999).  A quo warranto action is not a proper proceeding to challenge official conduct or the legality of that conduct.  In re Appointment, 305 Ill. App. 3d at 759, 713 N.E.2d at 175; People ex. rel. Ryan v. Village of Hanover Park, 311 Ill. App. 3d 515, 522, 724 N.E.2d 132, 136-37 (1999).  The proper scope of a quo warranto proceeding is to challenge the authority to act, not the manner of exercising authority.  People ex. rel. Ryan, 311 Ill. App. 3d at 522, 724 N.E.2d at 137.

Here, plaintiff asked the trial court to oust White from his office as Secretary because of his conduct in issuing new vehicle titles.  Plaintiff has not alleged that White does not have the authority to serve as Secretary or to issue vehicle titles.  Thus, plaintiff's quo warranto action was not proper, and the trial court correctly dismissed it.

CONCLUSION

The judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

SCHMIDT and WRIGHT, JJ., concurring.

18