No. 3-09-0175

January 29, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| SAGE INFORMATION SERVICES and ROGER W. HURLBERT, | ) ) ) | Appeal from the Circuit Court of the Thirteenth Judicial Circuit, Grundy County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| | ) | No. 07-MR-17 |
| DAVID HENDERSON, Grundy County Supervisor of Assessments, | ) ) | Honorable |
| | ) | Lance R. Peterson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the opinion of the court:

Plaintiffs filed a complaint for injunctive relief in the circuit court of Grundy County pursuant to section 11 of the Illinois Freedom of Information Act (Act) (5 ILCS 140/11(a) (West 2006)). Defendant filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2006)) on the grounds plaintiffs' complaint is barred by section 9-20 of the Property Tax Code (Code) (35 ILCS 200/9-20 (West 2006)). The circuit court of Grundy County ruled that section 9-20 of the Code controls, found that plaintiffs' complaint is therefore barred by a controlling statute "avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2006)), and granted defendant's motion to dismiss. For the reasons that follow, we affirm.

BACKGROUND

Plaintiffs, Sage Information Services and Roger W. Hurlbert, submitted a request to defendant, David Henderson, Grundy County supervisor of assessments, pursuant to the Act, seeking the real property assessments for Grundy County. Plaintiffs' request asked defendant to deliver the data in electronic form. Defendant responded the data was available for a fee of $2,456.70 based on a fee of 10 cents per assessment per parcel of land, and the existence of 24,567 parcels in Grundy County.

Plaintiffs asked defendant to reconsider because they construed the fee as a denial of their request under the Act. 5 ILCS 140/6(c) (West 2006) ("The purposeful imposition of a fee not consistent with subsections (6)(a) and (b) of this Act shall be considered a denial of access to public records for the purposes of judicial review"); 5 ILCS 140/10 (West 2006) ("[a]ny person denied access to inspect or copy any public record may appeal the denial by sending a written notice of appeal to the head of the public body"). Defendant responded to plaintiffs' request to reconsider the fee by referring plaintiffs to section 14-30 of the Code, which provides that assessment officers may charge a fee of up to 35 cents per legal-sized page for providing information to parties contesting property assessments.

Plaintiffs filed a complaint for injunctive relief. Defendant responded that section 9-20 of the Code addresses property report card requests and permits charging a "reasonable" fee that, unlike requests under the Act, is not limited by the actual cost of compliance. The trial court ordered the parties to address the reasonableness of defendant's fee. The parties entered a stipulation of facts. Defendant asserted that section 14-30 of the Code, in addition to section 9-20, was controlling, and explained the calculation of its fee. Following arguments, the court ruled

that section 14-30 does not apply because it does not apply to requests for data in electronic form. The court found that section 9-20 of the Code controlled plaintiffs' request, that the Code permitted a reasonable fee beyond actual cost, and that defendant's fee was reasonable under the Code.

ANALYSIS

Plaintiffs argue that the trial court erred in granting defendant's motion to dismiss pursuant to section 2-619(a)(9) because the reasonableness of defendant's fee for the requested information presents a question of fact ill-suited to resolution by a motion to dismiss. Although plaintiffs dispute the applicability of the Code to their request, they assert that defendant's fee is unreasonable under any applicable statute. Plaintiffs further contend that defendant bore the burden to prove the reasonableness of the fee and that defendant failed to satisfy his burden in this case.

Plaintiffs argue that the Counties Code (55 ILCS 5/1/1001 et seq. (West 2006) applies because it is specific to plaintiffs' request. See *McCready v. Secretary of State*, 382 Ill. App. 3d 789, 795, 888 N.E.2d 702, 707 (2008) ("It is a fundamental rule of statutory construction that when there is a general statutory provision and a specific statutory provision, either in the same or in another act, that both relate to the same subject, the specific provision controls and should be applied"). They contend that the Code "failed to contemplate electronic production of such records" and, consequently, "does not establish an electronic fee counterpart for the fee it explicitly establishes as proper for production of paper copies." Therefore, plaintiffs conclude, as it relates to their specific request for data in electronic form, the Code "is not as specific as the Counties Code's instruction that fees not exceed 110% of the actual cost of [electronic] copying."

Subsection (b) of section 5-1106.1 of the Counties Code defines "electronic data in bulk form" and "electronic data in compiled form," in relevant part, as "records *to which the public has free Internet access*." (Emphasis added.) 55 ILCS 5/5-1106.1(b) (West 2006). The statutory language makes clear that "electronic data in bulk form" or "electronic data in compiled form" exists only if the county provides free internet access to the records. The trial court found that the Counties Code does not apply to plaintiffs' request because "[d]efendant does not provide internet access to the public records at issue." Plaintiffs never assert that the records they sought from defendant are "online public records" as required by the Counties Code. Plaintiffs admit the Counties Code applies only "if a county maintains public records online." Based on the trial court's findings of fact we hold that as a matter of law the Counties Code does not apply to the data plaintiffs sought.

Under the Act, fees for providing public information are capped at the actual cost of reproduction of the information, "unless otherwise provided by State statute." 5 ILCS 140/6(a) (West 2006). Thus, the issue is "what other statute, if any, provides an alternative to the [Act's] default rule?" The trial court found that the Code provides that alternative. We agree. Plaintiffs argue that, nonetheless, the trial court erred in determining that defendant's fee is reasonable under the Code. Plaintiffs assert that the Code and the Act must be read *in pari materia* because they pertain to the same subject and reading the two statutes *in pari materia* requires the court to construe their reference to reasonable fees in harmony. Thus, a "reasonable fee" under the Code should, plaintiffs argue, be interpreted to relate to the actual cost of reproduction as required by section 6(a) of the Act.

The legislature expressed a clear intent that a reasonable fee under the Code should not be

construed to have the same meaning as a reasonable fee under the Act. Section 6(a) of the Act reads as follows:

> "(a) Each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. Such fees shall exclude the costs of any search for and review of the record, and shall not exceed the actual cost of reproduction and certification, *unless otherwise provided by State statute.* Such fees shall be imposed according to a standard scale of fees, established and made public by the body imposing them." (Emphasis added.) 5 ILCS 140/6(a) (West 2006).

Section 6(a) of the Act expresses the legislature's intent that the Act's fee provisions do not apply when another statute provides for the dissemination of public information. This court reached the same conclusion in *McCready*, 382 Ill. App. 3d at 796, 888 N.E.2d at 708, wherein it held that "[s]ection 2-123 of the Vehicle Code [625 ILCS 5/2-123 (West 2004))] directly regulates vehicle title searches, while the [Act] regulates searches of public records generally. Thus, section 2-123 of the Vehicle Code, not the [Act], controls plaintiff's requests." *McCready*, 382 Ill. App. 3d at 796, 888 N.E.2d at 708, citing *Knolls Condominium Ass'n. v. Harms,* 202 Ill. 2d 450, 459, 781 N.E.2d 261, 267 (2002); *Hernon v. E.W. Corrigan Construction Co.,* 149 Ill. 2d 190, 195, 595 N.E.2d 561, 563 (1992).

This court noted that the Act and the Vehicle Code contain several conflicting provisions, including that the Vehicle Code imposes a $5 fee for all searches, while the Act imposes fees

based on the actual cost of reproducing and certifying records. Although the Vehicle Code contained a specific fee while the statute at issue here does not, *McCready* is instructive in that, at no time did this court attempt to construe the fee provision in the Vehicle Code *in pari materia* with the Act. *McCready*, 382 Ill. App. 3d at 796, 888 N.E.2d at 708. This court simply found that "section 2-123 of the Vehicle Code, not the [Act], controls plaintiff's requests." *McCready*, 382 Ill. App. 3d at 796, 888 N.E.2d at 708. This court went on to hold that, because the plaintiff's complaint did not allege a violation of the Vehicle Code, the trial court properly dismissed those counts of the plaintiff's complaint based on the Vehicle Code. *McCready*, 382 Ill. App. 3d at 796, 888 N.E.2d at 708.

In this case, the Code does provide for fees for reproduction of records. Therefore, under *McCready*, the "reasonable fee" provision in the Code controls plaintiffs' request and the fee provision in the Act does not apply. See *Sage Information Services v. King*, 391 Ill. App. 3d 1023, 1032-33, 910 N.E.2d 1180, 1187 (2009) ("under section 9-20 of the Property Tax Code, the 'reasonable fee' assessed by the Board encompasses the electronic dissemination of the property assessments on the property record cards that Sage seeks. Accordingly, *** the cost provision of section 9-20 *** applies to the subject matter of this case, over the actual-cost provision of section 6(a) of the [Act]").

The Code precludes the legal effect of plaintiffs' cause of action under the Act because the Code controls the public dissemination of the information plaintiffs sought. See *Sage Information Services*, 391 Ill. App. 3d at 1032-33, 910 N.E.2d at 1187. The trial court ordered the parties "to address the cost and reasonable fee for the computer-generated data," based on its finding that the Code permits a reasonable fee for computer generated data. The court's order demonstrates its

-6-

understanding that the Code, not the Act, controls plaintiffs' request. The trial court did not require proof of any additional facts to prove that the Code controls plaintiffs' request. Nor, apparently, did plaintiffs urge the existence of additional facts specifically to contradict the applicability of the Code to their request. Therefore, once the court determined that the Code controls, it should have simply granted defendant's motion to dismiss on the grounds the Code precludes the legal effect of plaintiffs' cause of action under the Act.

We reject the Second District's holding that, in this situation, "[t]he question of the reasonableness of the *** fee is a substantial factual dispute." *Sage Information Services*, 391 Ill. App. 3d at 1035, 910 N.E.2d at 1189. Notably, that holding by the Second District contradicts its earlier, explicit statement that "'"[i]t is a fundamental rule, with no exceptions, that a party must recover, if at all, on and according to the case [it] has made for [itself] by [its] pleadings."'" *Sage Information Services*, 391 Ill. App. 3d at 1033, 910 N.E.2d at 1187, quoting *Newton v. Aitken*, 260 Ill. App, 3d 717, 718 (1994), quoting *Broberg v. Mann*, 66 Ill. App. 2d 134, 137-38 (1965). Despite its recognition of the foregoing rule, "with no exceptions," the court went on to find that "[a]lthough Sage alleged that the fee exceeded the actual cost of copying, in violation of the [Act], the complaint *essentially* raised an allegation regarding the reasonableness of the charge [under the Code]." (Emphasis added.) *Sage Information Services*, 391 Ill. App. 3d at 1035, 910 N.E.2d at 1189.

Plaintiffs' complaint did not attempt to state a cause of action under the Code. Plaintiffs' complaint only sought the dissemination of public information under the Act. The Code controls the dissemination of the information plaintiffs sought. "[W]e review the trial court's judgment, not its reasoning." *Forsberg v. Edward Hospital & Health Services*, 389 Ill. App. 3d 434, 440.

The trial court properly dismissed plaintiffs' complaint pursuant to section 2-619(a)(9).

CONCLUSION

The circuit court of Grundy County's order dismissing plaintiffs' complaint is affirmed.

Affirmed.

SCHMIDT, J., concurs.

JUSTICE LYTTON concurring in part and dissenting in part:

I concur with the majority's conclusion that the Property Tax Code controls plaintiffs' request for property assessment records from defendant. However, I dissent from the majority's dismissal of plaintiffs' complaint and its refusal to address the reasonableness of defendant's fees under the Code.

Plaintiffs' complaint alleged that (1) plaintiffs submitted a request to defendant pursuant to the Freedom of Information Act, (2) defendant replied to the request by demanding that plaintiffs pay $2,456.70 as a "copying charge," and (3) defendant refused to reconsider the copying charge. Plaintiffs sought an order compelling defendant to release the requested information at a cost "not to exceed the actual cost of reproduction as contemplated by law."

Although plaintiffs' complaint references the Act, "the complaint essentially raised an allegation regarding the reasonableness of [defendant's] charge." Sage Information Services v. King, 391 Ill. App. 3d 1023, 1035, 910 N.E.2d 1180, 1189 (2009). The Code, which applies to plaintiffs' record request, explicitly requires that all fees charged be "reasonable." 35 ILCS 200/9-20

(West 2006). Thus, the majority erred in refusing to examine the reasonableness of defendant's fees.

Unlike the majority, I would review the trial court's finding that the fees in this case were reasonable and find that the question of reasonableness of the $2,456.70 fee is "a substantial factual dispute." King, 391 Ill. App. 3d at 1035, 910 N.E.2d at 1189. Summary judgment should not have been granted.

In this case, plaintiffs compared the $2,456.70 fee defendant charged for reproducing the property tax records with the fees charged by other counties ($0 to $80) for similar record requests. In an attempt to justify his fees, defendant comes up with a complicated formula: he divides the total budget for his office by the total number of parcels, multiplies that number by a meaningless percentage, and then divides the result in half to reach $2,456.70. This perplexing and confusing explanation of defendant's fees fails to establish that they were reasonable.

Because I believe the trial court decided a controverted material issue of fact, I would reverse and remand. See King, 391 Ill. App. 3d at 1035, 910 N.E.2d at 1189. On remand, defendant would have to present evidence of (1) the amount of time and labor defendant and/or his staff spent on plaintiffs' request, (2) the novelty and difficulty of responding to plaintiffs' request, (3) the skill required to respond to plaintiffs' request, (4) the fee customarily charged by similarly situated counties for similar requests, (5) any time limitations imposed by plaintiffs, and (6) defendant's actual out-of-pocket costs associated with the request.

Only after obtaining such information can the trial court properly determine if defendant's fees are reasonable.