# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Sage Information Services v. Humm*, 2012 IL App (5th) 110580

---

| | |
|---|---|
| Appellate Court Caption | SAGE INFORMATION SERVICES and ROGER W. HURLBERT, Plaintiffs-Appellants, v. CYNTHIA K. HUMM, in Her Capacity as Chief County Assessment Officer, Franklin County, Illinois, and JOHN GULLEY, in His Capacity as County Treasurer, Franklin County, Illinois, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-11-0580 |
| Filed | October 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The fee for plaintiffs' request for a county's real property assessment record was governed by the Freedom of Information Act, not the Property Tax Code, and, therefore, the trial court's judgment was reversed and remanded for an order compelling the county assessment officer to produce the electronic record for the actual cost and a determination of plaintiffs' attorney fees and costs, but the denial of plaintiffs' request to compel the county treasurer to release the same information was affirmed on the ground that the treasurer did not have the records in electronic form. |
| Decision Under Review | Appeal from the Circuit Court of Franklin County, Nos. 10-MR-45, 11-MR-19; the Hon. Barry L. Vaughan, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on Appeal    Donald M. Craven and Esther J. Seitz, both of Donald M. Craven, P.C., of Springfield, for appellants.

Evan L. Owens, State's Attorney, of Benton, for appellees.

Panel    JUSTICE WELCH delivered the judgment of the court, with opinion.
Justices Spomer and Wexstten concurred in the judgment and opinion.

## OPINION

¶ 1    These two actions were brought in the circuit court of Franklin County pursuant to section 11 of the Freedom of Information Act (FOIA) (5 ILCS 140/11 (West 2010)) to compel the release of certain requested information and for reasonable attorney fees and costs. They were consolidated for trial in the circuit court. The plaintiffs in both cases are Sage Information Services and its president, Roger W. Hurlbert (collectively plaintiff).

¶ 2    In cause No. 10-MR-45, the plaintiff sent a request, dated February 16, 2010, under the FOIA to the chief county assessment officer of Franklin County, Cynthia K. Humm, for "the current real property assessment record file for the entire county." The plaintiff specified that its request was "for a copy, on CD or similar electronic media." In answer to Humm's inquiry, the plaintiff confirmed that this was a "commercial request." The plaintiff also indicated that if Humm did not have the capability to produce a CD, the plaintiff would accept the requested information by e-mail or by transmission to an FTP site. Humm responded that she would e-mail the requested information upon receipt from the plaintiff of a fee in the amount of $1,609.40, representing $0.05 for each of 32,188 real estate parcels.

¶ 3    The plaintiff responded by letter informing Humm that the requested fee "was far above the fee authorized by the new FOIA statute," which had been amended to separate fee provisions relating to electronic records and paper records. With respect to electronic records, the fee is limited to the cost of the disk or other electronic medium, and no other costs are allowed. Further, with respect to electronic copies, the fee cannot be fixed by another statute, as in the case of paper copies. The plaintiff repeated its request for the electronic copies.

¶ 4    Humm replied that the requested records fall under section 9-20 of the Property Tax Code (35 ILCS 200/9-20 (West 2006)), which, being a more specific statute, supercedes the more general FOIA and permits the assessor to charge a "reasonable fee" beyond actual costs. Humm insisted that the fee she had charged was reasonable. The plaintiff filed its complaint on September 22, 2010.

¶ 5    In cause No. 11-MR-19, the plaintiff sent a request, dated February 14, 2011, under the FOIA to John Gulley, the county treasurer for Franklin County, for "a copy, on CD or similar

electronic media, of the real property tax billing file for the 2009, payable 2010 tax year." The plaintiff indicated that transmission by e-mail would also be acceptable. These are essentially the same records the plaintiff had unsuccessfully sought from Humm.

¶ 6     The State's Attorney of Franklin County responded that the request to Gulley contains information that is compiled and maintained by Humm, the chief assessment officer, and would not be honored until the plaintiff had tendered payment of the fee charged by Humm pursuant to section 9-20 of the Property Tax Code. On April 26, 2011, the plaintiff filed a complaint against Gulley seeking the entry of an order compelling the release of the requested information plus reasonable attorney fees and costs, as well as civil penalties under the FOIA.

¶ 7     The two cases were consolidated for trial in the circuit court. A hearing was held on November 4, 2011. The circuit court entered its written orders on December 2, 2011, denying the plaintiff's requests for orders compelling the release of the requested information and for attorney fees and costs.

¶ 8     In cause No. 10-MR-45, against the assessor, Humm, the circuit court held as a matter of law that the fee to be charged for the production of the requested information under the FOIA was controlled by section 9-20 of the Property Tax Code, which allowed a reasonable fee beyond the actual cost of reproduction. The court further held that the fee charged by Humm was a reasonable fee within the meaning of section 9-20 of the Property Tax Code. Accordingly, the court denied the plaintiff's request for an order compelling the release of the requested information under the FOIA, as well as the request for attorney fees and costs.

¶ 9     The plaintiff appeals, arguing that the circuit court erred as a matter of law in determining that the fee to be set for the production of the records was governed by the Property Tax Code rather than the FOIA. The plaintiff also argues in the alternative that, even if the Property Tax Code governs fees, Humm failed to carry her burden of proving the fee she sought to charge was reasonable under the Code.

¶ 10    Because we reverse the circuit court's order as a matter of law, we need not address the issue of the reasonableness of the fee that Humm sought to charge under the Property Tax Code.

¶ 11    The parties agree that our review is *de novo*. *Lucas v. Peters*, 318 Ill. App. 3d 1, 8 (2000).

¶ 12    We begin by setting forth the pertinent provisions of the FOIA in its current version, which is applicable to the case at bar. Because the provisions of the FOIA are critical to our disposition herein, we set them forth at length. The legislature has expressed the public policy underlying, and the legislative intent behind, the FOIA as follows:

        "§ 1. Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest.

-3-

The General Assembly hereby declares that it is the public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government. It is a fundamental obligation of government to operate openly and provide public records as expediently and efficiently as possible in compliance with this Act.

This Act is not intended to cause an unwarranted invasion of personal privacy, nor to allow the requests of a commercial enterprise to unduly burden public resources, or to disrupt the duly-undertaken work of any public body independent of the fulfillment of any of the fore-mentioned rights of the people to access to information.

This Act is not intended to create an obligation on the part of any public body to maintain or prepare any public record which was not maintained or prepared by such public body at the time when this Act becomes effective, except as otherwise required by applicable local, State or federal law.

Restraints on access to information, to the extent permitted by this Act, are limited exceptions to the principle that the people of this State have a right to full disclosure of information relating to the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of government and the lives of any or all of the people. The provisions of this Act shall be construed in accordance with this principle. This Act shall be construed to require disclosure of requested information as expediently and efficiently as possible and adherence to the deadlines established in this Act.

The General Assembly recognizes that this Act imposes fiscal obligations on public bodies to provide adequate staff and equipment to comply with its requirements. The General Assembly declares that providing records in compliance with the requirements of this Act is a primary duty of public bodies to the people of this State, and this Act should be construed to this end, fiscal obligations notwithstanding.

The General Assembly further recognizes that technology may advance at a rate that outpaces its ability to address those advances legislatively. To the extent that this Act may not expressly apply to those technological advances, this Act should nonetheless be interpreted to further the declared policy of this Act that public records shall be made available upon request except when denial of access furthers the public policy underlying a specific exemption.

This Act shall be the exclusive State statute on freedom of information, except to the extent that other State statutes might create additional restrictions on disclosure of information or other laws in Illinois might create additional obligations for disclosure of information to the public." 5 ILCS 140/1 (West 2010).

¶ 13    In accordance with this public policy and legislative intent, public bodies may charge fees for the production of public records only as follows:

"§ 6. Authority to charge fees.

(a) When a person requests a copy of a record maintained in an electronic format, the public body shall furnish it in the electronic format specified by the requester, if feasible. If it is not feasible to furnish the public records in the specified electronic format, then

the public body shall furnish it in the format in which it is maintained by the public body, or in paper format at the option of the requester. A public body may charge the requester for the actual cost of purchasing the recording medium, whether disc, diskette, tape, or other medium. A public body may not charge the requester for the costs of any search for and review of the records or other personnel costs associated with reproducing the records \*\*\*. Except to the extent that the General Assembly expressly provides, statutory fees applicable to copies of public records when furnished in a paper format shall not be applicable to those records when furnished in an electronic format.

(b) Except when a fee is otherwise fixed by statute, each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. No fees shall be charged for the first 50 pages of black and white, letter or legal sized copies requested by the requester. The fee for black and white, letter or legal sized copies shall not exceed 15 cents per page. If a public body provides copies in color or in a size other than letter or legal, the public body may not charge more than its actual cost for reproducing the records. In calculating its actual cost for reproducing records or for the use of the equipment of the public body to reproduce records, a public body shall not include the costs of any search for and review of the records or other personnel costs associated with reproducing the records \*\*\*. Such fees shall be imposed according to a standard scale of fees, established and made public by the body imposing them. The cost for certifying a record shall not exceed $1." 5 ILCS 140/6(a), (b) (West Supp. 2011).

¶ 14 Section 9-20 of the Property Tax Code, upon which Humm relies, provides as follows:

"Property record cards. In all counties, all property record cards maintained by a township assessor, multi-township assessor, or chief county assessment officer shall be public records, and shall be available for public inspection during business hours, subject to reasonable rules and regulations of the custodian of the records. Upon request and payment of such reasonable fee established by the custodian, a copy or printout shall be provided to any person.

Property record cards may be established and maintained on electronic equipment or microfiche, and that system may be the exclusive record of property information." 35 ILCS 200/9-20 (West 2006).

¶ 15 On its face, the FOIA seems to quite clearly express the legislature's intent that electronic records be produced for the mere cost of the electronic medium. Yet the circuit court held that, under section 9-20 of the Property Tax Code, Humm could charge a "reasonable" fee beyond the actual cost of the electronic medium. We find that, in so ruling, the circuit court erroneously relied on a previous version of the FOIA and on two cases decided under that previous version.

¶ 16 The previous version of section 6(a) of the FOIA provided as follows:

"Each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. Such fees shall exclude the costs of any search for and review of the record, and shall not exceed the actual cost of reproduction

-5-

and certification, *unless otherwise provided by State statute*. Such fees shall be imposed according to a standard scale of fees, established and made public by the body imposing them." (Emphasis added.) 5 ILCS 140/6(a) (West 2006).

This previous version of the FOIA did not distinguish between records kept in electronic format and those kept in paper format, as does the current version of section 6 of the FOIA. The previous version of section 6 of the FOIA clearly allowed, by its own terms, a fee in excess of the actual cost of the reproduction of all records, including electronic records, where another state statute so provided.

¶ 17    Accordingly, in *Sage Information Services v. King*, 391 Ill. App. 3d 1023, 1031-32 (2009), the appellate court held that, because section 9-20 of the Property Tax Code was the more specific statute with respect to property tax records, its fee provision would apply over that of the FOIA. The court held that, under the plain language of section 6(a), the charge for the reproduction of public records must be reasonably calculated based on the actual cost of reproduction, unless another statute provides otherwise. 391 Ill. App. 3d at 1029. Section 9-20 of the Property Tax Code allowed the collection of a reasonable fee beyond the actual cost, and the court held that this applied to electronic property tax records as well as paper records. 391 Ill. App. 3d at 1031. The court held that unlike the FOIA, section 9-20 specifically applied to the subject matter that Sage Information Services was seeking. 391 Ill. App. 3d at 1031. Applying the rule of statutory construction that when there is a general statutory provision and a specific statutory provision that both relate to the same subject, the specific provision controls and should be applied (391 Ill. App. 3d at 1029), the court held that the higher fee allowed under the Property Tax Code could be charged for the production of the electronic records requested by Sage Information Services. 391 Ill. App. 3d at 1031-32; see also *Sage Information Services v. Henderson*, 397 Ill. App. 3d 1060 (2010).

¶ 18    Subsequent to the decisions in those cases, the FOIA was amended to distinguish between the production of electronic records versus paper records. The current version of section 6 of the FOIA has separate provisions for electronic records and paper records and expressly provides that "statutory fees applicable to copies of public records when furnished in a paper format shall not be applicable to those records when furnished in an electronic format." 5 ILCS 140/6(a) (West Supp. 2011). By its own terms, the current version of section 6 of the FOIA does not allow a fee in excess of the cost of the electronic medium for the reproduction of electronic records unless another statute expressly provides that the fees for producing paper records also apply to electronic copies. Section 9-20 of the Property Tax Code does not so provide. Section 6(b) of the current version of the FOIA applies to the production of *paper* records and still allows for reference to another statute, such as the Property Tax Code, to allow a fee in excess of the actual cost of reproduction for *paper* records. 5 ILCS 140/6(b) (West Supp. 2011). With respect to electronic records, the language allowing cross-referencing to other statutes, such as the Property Tax Code, no longer exists.

¶ 19    In so holding, we are guided by the expressed legislative intent and the public policy sought to be effected by the FOIA. Section 1 of the FOIA states that restraints on access to information are not to be permitted except as very limited exceptions and that the FOIA should be construed in accordance with this principle. 5 ILCS 140/1 (West 2010). A substantial fee constitutes a restraint on access to information in contravention of the

-6-

expressed legislative intent. Section 1 also makes clear that providing public records to citizens is a primary duty of public bodies and that the FOIA should be construed to this end, fiscal obligations notwithstanding. 5 ILCS 140/1 (West 2010). It is our duty to liberally construe the FOIA in favor of ease of access to public records on the part of any interested citizen. We have done so here.

¶ 20 The circuit court erred as a matter of law in determining that the Property Tax Code, rather than the FOIA, governed the fee to be charged for the production of an electronic record. Accordingly, we reverse the circuit court's order. We remand this cause to that court for the entry of an order compelling Humm to produce the electronic record to the plaintiff for the actual cost of its reproduction, if any, and for a determination by the circuit court on the plaintiff's prayer for attorney fees and costs under the FOIA.

¶ 21 In cause No. 11-MR-19, against Treasurer Gulley, the circuit court found that the information sought by the plaintiff was not in the custody or possession of Gulley, but was in the possession of Humm, the assessor. Accordingly, the court denied the plaintiff's request for an order compelling the release of the information by Gulley, as well as the plaintiff's request for attorney fees and costs.

¶ 22 The plaintiff appeals, arguing that the FOIA does not require that the public official has, strictly speaking, custody or possession of a record, but that it is sufficient if the public official has *used* the public record. The plaintiff argues that Gulley testified that he routinely accesses the electronic database which contained the requested information and uses that information to perform his duties.

¶ 23 We can find no provision in the FOIA which directly answers the question as to who is the proper public body to whom to direct specific FOIA requests. Section 2(c) of the FOIA defines the term "public records" as information "having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of any public body." 5 ILCS 140/2(c) (West 2010). Section 1.2 of the FOIA states that "[a]ll records *in the custody or possession* of a public body are presumed to be open to inspection or copying." (Emphasis added.) 5 ILCS 140/1.2 (West 2010). In any event, it seems obvious that such a request must be directed to a public official who has sufficient access to the requested information to provide the copies in the format requested.

¶ 24 In the case at bar, Gulley testified at trial that his role as county treasurer is simply to generate property tax bills based upon information provided to him by the supervisor of assessments and the county clerk. Gulley testified that he does have a paper record that contains most of the information requested by the plaintiff, but he does not have it in electronic format as requested by the plaintiff. Gulley has access to the same electronic database as does the supervisor of assessments. He testified, however, that he cannot generate the type of records that the plaintiff was requesting. He can only provide the records in paper form, not electronic form, and the plaintiff has only requested the records in electronic form. Gulley testified that the electronic records are never in his possession; he can only go into the computer system and look at the data. He cannot generate the data from his office in an electronic format.

¶ 25 Because Gulley testified that he could not generate the records requested by the plaintiff

in the electronic format requested, and the plaintiff never requested the records in paper form, we affirm the circuit court's order in favor of Gulley.

¶ 26    For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed in part and reversed in part, and the cause is remanded for the entry of an order not inconsistent with this opinion and for further proceedings on the plaintiff's request for attorney fees and costs.

¶ 27    Affirmed in part and reversed in part; cause remanded.