# Illinois Official Reports

## Appellate Court

---

### *Sage Information Services v. Suhr*, 2014 IL App (2d) 130708

---

| | |
|---|---|
| Appellate Court Caption | SAGE INFORMATION SERVICES and ROGER W. HURLBERT, Plaintiffs-Appellees, v. BRENDA M. SUHR, in Her Official Capacity as Winnebago County Chief Deputy Supervisor of Assessments and Department Freedom of Information Act Officer, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0708 |
| Filed<br>Rehearing denied | April 14, 2014<br>June 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | When plaintiff requested electronic records of the current real property assessment record file pursuant to the Freedom of Information Act, the trial court properly limited defendant to charging plaintiff only the cost of the electronic media that would hold the file as provided by section 6 of the Act, not the charge of five cents per parcel defendant set as a "reasonable fee" allowable by section 9-20 of the Property Tax Code for copying and providing records. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 12-MR-987; the Hon. J. Edward Prochaska, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Joseph P. Bruscato, State's Attorney, of Rockford (Charlotte A. LeClercq and David J. Kurlinkus, Assistant State's Attorneys, of counsel), for appellant. |
| | |
| | Donald M. Craven and Esther J. Seitz, both of Donald M. Craven, P.C., of Springfield, for appellees. |

| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Jorgensen and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Brenda M. Suhr, Winnebago County chief deputy supervisor of assessments and department Freedom of Information Act officer, appeals a judgment that (1) ordered her to provide to plaintiffs, Sage Information Services and Roger W. Hurlbert, electronic records that plaintiffs requested under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2012)) and (2) awarded plaintiffs attorney fees and costs. On appeal, defendant contends that the trial court erred in basing the permissible charges for the records on section 6 of the FOIA (5 ILCS 140/6 (West 2012)) and not on section 9-20 of the Property Tax Code (35 ILCS 200/9-20 (West 2012)). Defendant recognizes that the trial court's judgment was based on *Sage Information Services v. Humm*, 2012 IL App (5th) 110580, but she argues that *Humm* was decided wrongly. We affirm.

¶ 2 By a letter dated October 12, 2012, plaintiffs requested from defendant "a copy, on CD or similar electronic media, of the current real property assessment record file for the entire county, together with an electronic copy of the sales file." Citing *Humm*, the request stated that, under section 6(a) of the FOIA (5 ILCS 140/6(a) (West 2012)), defendant could charge no more than the cost of the disc.

¶ 3 On November 5, 2012, defendant responded that, to obtain the records, plaintiffs would have to pay $6,290.45 (five cents per parcel). Defendant relied on section 9-20 of the Property Tax Code, which allows a supervisor of assessments to charge a "reasonable fee" (35 ILCS 200/9-20 (West 2012)) for copying and providing records. She informed plaintiffs that section 9-20, and not the FOIA, governed the request.

¶ 4 On December 12, 2012, plaintiffs filed their complaint to compel defendant to release the requested information in the requested form, at a charge of no more than the actual cost of production. The complaint also sought attorney fees and costs.

¶ 5 Plaintiffs moved for summary judgment (see 735 ILCS 5/2-1005(a) (West 2012)). On June 12, 2012, the trial court granted the motion and entered a judgment requiring defendant to

produce the requested records in electronic format within 30 days and awarding plaintiffs attorney fees and costs. The court explained that it was bound by *Humm*, under which section 6(a) of the FOIA limited defendant to charging no more than the cost of purchasing the recording medium. The court stayed the award of fees and costs, but not the order to produce the records, pending the resolution of an appeal. On July 10, 2012, defendant filed a notice of appeal and a motion to reconsider the partial denial of the motion to stay. On August 8, 2012, the trial court granted the motion to reconsider and stayed the production order pending our resolution of the appeal.

¶ 6   Initially, this court dismissed the appeal, on the basis that a pending motion to reconsider made the notice of appeal premature. Defendant petitioned for a rehearing. We now vacate the dismissal, agreeing with defendant that, because the motion to reconsider addressed a matter that was collateral to the judgment, the notice of appeal was not premature. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173-74 (2011). Further, the motion has now been resolved, so that, in any event, there would be no bar to our jurisdiction. See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1049-50 (2007). We turn to the merits of the appeal.

¶ 7   We review *de novo* the grant of summary judgment. *Matsuda v. Cook County Employees' & Officers' Annuity & Benefit Fund*, 178 Ill. 2d 360, 364 (1997). Issues of statutory construction, such as are raised here, are appropriate for resolution by summary judgment, as they raise questions of law subject to *de novo* review. *Id.* In construing statutes, our ultimate goal is to effectuate the legislative intent, and we start with the statutory language itself. *Id.* at 365.

¶ 8   Here, the parties disagree on which statute governs what defendant may charge plaintiffs for providing electronic records. Defendant invokes section 9-20 of the Property Tax Code:

> "In all counties, all property record cards maintained by a township assessor, multi-township assessor, or chief county assessment officer shall be public records, and shall be available for public inspection during business hours, subject to reasonable rules and regulations of the custodian of the records. *Upon request and payment of such reasonable fee established by the custodian, a copy or printout shall be provided to any person.*
>
> Property record cards may be established and maintained on electronic equipment or microfiche, and that system may be the exclusive record of property information." (Emphasis added.) 35 ILCS 200/9-20 (West 2012).

Defendant relies primarily on the language we have emphasized.

¶ 9   Plaintiffs counter that section 6(a) of the FOIA limits any charge to the cost of purchasing the recording medium. They reason that section 6(a) makes section 9-20 of the Property Tax Code inapplicable to electronic records. In pertinent part, that section reads:

> "When a person requests a copy of a record maintained in an electronic format, the public body shall furnish it in the electronic format specified by the requester, if feasible. If it is not feasible to furnish the public records in the specified electronic format, then the public body shall furnish it in the format in which it is maintained by the public body, or in paper format at the option of the requester. *A public body may charge the requester for the actual cost of purchasing the recording medium, whether disc, diskette, tape, or other medium.* A public body may not charge the requester for the costs of any search for and review of the records or other personnel costs associated

- 3 -

with reproducing the records, except for commercial requests as provided in subsection (f) of this Section. *Except to the extent that the General Assembly expressly provides, statutory fees applicable to copies of public records when furnished in a paper format shall not be applicable to those records when furnished in an electronic format.*" (Emphases added.) 5 ILCS 140/6(a) (West 2012).

¶ 10    Plaintiffs also invoke *Humm*, which, as defendant concedes, is indistinguishable. In *Humm*, two judgments were on appeal, but only one concerns us here. The circuit court of Franklin County ruled that the defendant could charge the plaintiffs (the same plaintiffs as here) a fee, per section 9-20 of the Property Tax Code, of five cents per parcel for the entire county's property assessment record file. *Humm*, 2012 IL App (5th) 110580, ¶ 2. The appellate court reversed, holding that section 6(a) of the FOIA applied and that the defendant could charge only the cost of the electronic medium. *Id.* ¶ 15.

¶ 11    The Fifth District began by observing that the circuit court had incorrectly relied on two opinions construing section 6(a) of the FOIA as it had read before 2010. See *Sage Information Services v. Henderson*, 397 Ill. App. 3d 1060 (2010); *Sage Information Services v. King*, 391 Ill. App. 3d 1023 (2009). The earlier version of section 6(a) read:

"Each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. *Such fees* shall exclude the costs of any search for and review of the record, and *shall not exceed the actual cost of reproduction and certification, unless otherwise provided by State statute*. Such fees shall be imposed according to a standard scale of fees, established and made public by the body imposing them." (Emphases added.) 5 ILCS 140/6(a) (West 2006).

¶ 12    The *Humm* court noted that, in *King* and *Henderson* (also involving facts similar to those now before us), the appellate courts correctly held that section 9-20 of the Property Tax Code applied and not section 6(a) of the FOIA as it then read. The court explained that the two provisions related to the same subject matter; thus, section 9-20 applied because it was the more specific of the two. *Humm*, 2012 IL App (5th) 110580, ¶ 17; see *Henderson*, 397 Ill. App. 3d at 1064 (following *King*); *King*, 391 Ill. App. 3d at 1031-32.

¶ 13    However, as *Humm* noted, an amendment to section 6(a) had made *Henderson* and *King* obsolete. See Pub. Act 96-542, § 10 (eff. Jan. 1, 2010). Previously, section 6(a) limited the permissible charge, regardless of whether paper records or electronic records were requested, to the actual cost of production "unless otherwise provided by State statute" (5 ILCS 140/6(a) (West 2006)). *Humm*, 2012 IL App (5th) 110580, ¶ 18. Now, section 6(a) distinguishes between paper records and electronic records. *Id.* Although section 6(b) of the FOIA still allows agencies to rely on another statute, such as the Property Tax Code, to charge a fee in excess of the cost for the production of *paper* records (see 5 ILCS 140/6(b) (West 2012)), section 6(a) now governs *electronic* reproductions. And in doing so, it has narrowed the exception to the cost-only rule.

¶ 14    Before the amendment, an agency could escape the rule if "otherwise provided by State statute." 5 ILCS 140/6(a) (West 2006). Now, "[e]xcept to the extent that the General Assembly *expressly provides*, statutory fees applicable to copies of public records when furnished in a paper format shall not be applicable to those records when furnished in an electronic format." (Emphasis added.) 5 ILCS 140/6(a) (West 2012). Thus, "[w]ith respect to electronic records, the language allowing cross-referencing to other statutes, such as the Property Tax Code, no

longer exists." *Humm*, 2012 IL App (5th) 110580, ¶ 18. Before the amendment, it was sufficient that the Property Tax Code provided generally that an assessor's office may levy a reasonable charge for producing records. After the amendment, to enable assessors' offices to escape section 6(a)'s cost-only rule for electronic records, there must be a statute that *expressly provides* that the assessor may charge fees "*applicable to copies of public records when furnished in a paper format.*" (Emphasis added.) 5 ILCS 140/6(a) (West 2012). The Property Tax Code contains no express authorization, and, thus, the defendant in *Humm* was limited to charging cost only for the requested electronic records. *Humm*, 2012 IL App (5th) 110580, ¶ 18.

¶ 15 We agree with *Humm*. The amendment to section 6(a) is unambiguous and inescapably implies that defendant's office may not avail itself of the present narrow exception to the cost-only rule for electronic records. When a statute is unambiguous, we must apply it as written. *MidAmerica Bank, FSB v. Charter One Bank, FSB*, 232 Ill. 2d 560, 565 (2009).

¶ 16 Defendant makes two attacks on *Humm*. First, she contends that section 9-20 of the Property Tax Code fits within the exception to the cost-only rule for electronic records. According to defendant, the first paragraph of section 9-20 allows her office to charge a "reasonable fee" for a "copy or printout," and the second paragraph allows property record cards to be established and maintained exclusively on electronic equipment or microfiche. 35 ILCS 200/9-20 (West 2012). Defendant concludes that, by section 9-20, the General Assembly has expressly allowed her office to charge more than cost for electronic records. Defendant notes that section 9-20 does not limit the "reasonable fee" to paper records. 35 ILCS 200/9-20 (West 2012).

¶ 17 We cannot accept defendant's reasoning, which is a *non sequitur*. It does not follow that, because (a) section 9-20 expressly allows her office to keep some or all of its records in electronic form and (b) section 9-20 does not expressly distinguish between providing requesters with paper records and providing requesters with electronic records, therefore (c) section 9-20 "expressly provides" that the fees for providing paper records apply to providing electronic records. 5 ILCS 140/6(a) (West 2012). Section 9-20 simply does not contain this express provision. The first paragraph authorizes, but does not require, assessors to keep records in electronic form exclusively. It does not *expressly* authorize them to charge more than cost for the electronic reproduction of these records. The second paragraph authorizes assessors to charge reasonable fees for providing records. It does not *expressly* authorize them to charge the same fees for electronic records as they may charge for paper records. Therefore, under the plain meaning of section 6(a) of the FOIA, section 9-20 of the Property Tax Code does not allow defendant to escape the cost-only rule for electronic records.

¶ 18 Defendant's second argument is that *Humm* slights the rule of construction that, when two statutes relate to the same subject matter, the more specific statute must prevail over the more general one. Defendant essentially invokes *King* and *Henderson*, which, as *Humm* rightly held, are no longer good law in view of the amendment to section 6(a) of the FOIA. The canon that defendant cites does not prevail over the fundamental rule that the plain meaning of a statute is the best guide to the legislature's intent and may not be disregarded.

¶ 19 Moreover, defendant's argument presupposes a conflict between section 6(a) of the FOIA and section 9-20 of the Property Tax Code. However, the two statutes fit together. Section 6(a) creates a rule with a narrow exception; section 9-20 fails to come within the exception. There is no genuine conflict that would require us to "choose" between the statutes.

¶ 20     In sum, defendant may not charge more than the cost of purchasing the recording medium for the requested electronic records. Therefore, we affirm the judgment of the circuit court of Winnebago County.

¶ 21     Affirmed.