# Illinois Official Reports

## Appellate Court

---

### *Williams v. Bruscato*, 2021 IL App (2d) 190971

---

| | |
|---|---|
| Appellate Court Caption | MARVIN WILLIAMS, Plaintiff-Appellant, v. JOSEPH BRUSCATO, in His Official Capacity as Winnebago County State's Attorney, Defendant-Appellee. |
| District & No. | Second District<br>No. 2-19-0971 |
| Filed | July 21, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 15-MR-123; the Hon. Donna R. Honzel, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert L. Caplan, of Clarendon Hills, for appellant.<br><br>Marilyn Hite-Ross, State's Attorney, of Rockford (Charlotte A. LeClercq, Assistant State's Attorney, of counsel), for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Schostok and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff, Marvin Williams, appeals the trial court's denial of his petition for statutory penalties filed against defendant, Joseph Bruscato in his official capacity as Winnebago County State's Attorney, pursuant to section 11(j) of the Freedom of Information Act (FOIA) (5 ILCS 140/11(j) (West 2018)). Since the entry of that judgment, Marilyn Hite Ross succeeded Bruscato as state's attorney.[1] For the reasons that follow, we affirm.

¶ 2                                   I. BACKGROUND
¶ 3                                   A. FOIA Request
¶ 4 In November 2014, pursuant to the FOIA (5 ILCS 140/1 *et seq.* (West 2014)), plaintiff sent a letter to defendant, seeking certain documents. Plaintiff requested:

> "1. All 'No-Bills' and 'True Bills' of Indictment for May 7th and May 14th 1997, of the Grand Jury (CRIMINAL).
>
> 2. The 'Deliberation & Vote' for May 14th 1997, [P]eople v. Marvin Williams case No. 97-CF-1081, Grand Jury.
>
> 3. Itinerary Sheet for all 'No-Bills' and 'True-Bills' for May 7th & 14th 1997 Grand Jury (CRIMINAL)."

Defendant, through Assistant State's Attorney David Kurlinkus, responded in a letter to plaintiff, denying all three requests. Kurlinkus wrote that the records plaintiff sought were exempt from disclosure pursuant to FOIA section 7(1)(a) (*id.* § 7(1)(a)) and section 112-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/112-6(a) (West 2014)), stating "that Grand Jury proceedings are secret and are only open to the 'State's Attorney, his reporter and any other persons authorized by the court or by law.' "

¶ 5                           B. FOIA Complaint and Litigation
¶ 6 In July 2016, plaintiff filed a three-count amended complaint alleging that defendant violated the FOIA by denying his requests. The counts corresponded numerically to the requests listed in plaintiff's letter. Plaintiff alleged that each FOIA violation was done willfully and intentionally or otherwise in bad faith. Plaintiff sought declaratory and injunctive relief, attorney fees, and penalties. After the parties filed cross-motions for summary judgment, the trial court granted judgment on all counts in favor of defendant and against plaintiff. Plaintiff appealed.

¶ 7 We affirmed in part and reversed in part. *Williams v. Bruscato*, 2019 IL App (2d) 170779 (*Williams I*). We reversed only as to the trial court's judgment in favor of defendant regarding the second part of count I, alleging defendant's denial of the " 'true bills,' " and ordered "defendant to provide plaintiff with the true bills of indictment for May 7 and May 14, 1997, with the names of witnesses redacted." *Id.* ¶ 36. We affirmed all other aspects of the trial court's order. *Id.* ¶ 49.

_____
[1]Pursuant to section 2-1008(d) of the Code of Civil Procedure (735 ILCS 5/2-1008(d) (West 2016)), the present official should be substituted for the predecessor. Ms. Hite Ross has filed her appearance in this appeal.

¶ 8        On July 3, 2019, defendant delivered to plaintiff 31 bills of indictment for May 7, 1997, and 32 bills of indictment for May 14, 1997. In August 2019, plaintiff filed separate petitions for attorney fees and for statutory penalties pursuant to sections 11(i) and 11(j) of the FOIA, respectively (5 ILCS 140/11(i), (j) (West 2018)). In plaintiff's petitions for attorney fees and statutory penalties, he alleged that defendant denied his requests for "All 'No-Bills' and 'True Bills' of Indictment for May 7th and May 14th 1997, of the Grand Jury (CRIMINAL)." Plaintiff also alleged:

> "5. The defendant denied the request claiming an exemption pursuant to 5 ILCS 140 7(x) claiming that it was exempt in total because it was prohibited by 725 ILCS 5/112-6.
>
> 6. The withholding of the requested True Bills of indictment from the plaintiff were willful and intentional failures, or otherwise in bad faith, of the defendant to comply with the Act.
>
> 7. Where the request for No Bills was exempt, the grand jury secrecy act obviously did not apply as to the True Bills of this instant request because the True Bills had already been published in open court by the defendant.
>
> 8. Moreover, the public body has no right to withhold a document it purports is exempt but must tender to the requestor what it considers to be an exempt document, but with redactions. See 5 ILCS 140/7(1). The defendant willfully and intentionally, or otherwise in bad faith, did not follow the requirements of Section 140/7(1)."

¶ 9        Defendant responded to plaintiff's complaint, and plaintiff filed a reply. On October 4, 2019, after hearing argument on plaintiff's petitions, the trial court found that defendant did not act in bad faith, and it denied plaintiff's petition for statutory penalties, but the court granted plaintiff's petition for attorney fees. Plaintiff filed a timely notice of appeal.

¶ 10                                   II. ANALYSIS
¶ 11       Essentially, plaintiff argues that the trial court erred by denying his petition, because the court's interpretation of section 11(j) of the FOIA and its finding that defendant did not act in bad faith were in error. Initially, we must address plaintiff's interpretation of section 11(j), which provides for a civil penalty. This section states:

> "If the court determines that a public body *willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith*, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence. In assessing the civil penalty, the court shall consider in aggravation or mitigation the budget of the public body and whether the public body has previously been assessed penalties for violations of this Act. The court may impose an additional penalty of up to $1,000 for each day the violation continues if:
>
>> (1) the public body fails to comply with the court's order after 30 days;
>>
>> (2) the court's order is not on appeal or stayed; and
>>
>> (3) the court does not grant the public body additional time to comply with the court's order to disclose public records." (Emphasis added.) *Id.* § 11(j).

¶ 12       Plaintiff interprets section 11(j) as providing a civil penalty where a court determines that a public body either willfully and intentionally failed to comply with the FOIA or acted in bad faith. In other words, plaintiff construes the terms "willfully and intentionally" and "in bad

faith" as separate bases for imposing a civil penalty. Defendant counters that plaintiff's interpretation is erroneous because it ignores the term "or otherwise." We agree with defendant.

¶ 13 Our primary objective in statutory construction is to ascertain and give effect to the intent of the legislature. *Board of Education of the City of Chicago v. Moore*, 2021 IL 125785, ¶ 20. The most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning. *Id.* A court must view and give effect to the entire statutory scheme. *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 15. Therefore, words and phrases must be construed in relation to other relevant statutory provisions and not in isolation. *Id.* Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Id.* The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Id.* We review *de novo* questions of statutory construction. *Taylor v. Pekin Insurance Co.*, 231 Ill. 2d 390, 395 (2008).

¶ 14 We disagree with plaintiff's interpretation because it renders the term "or otherwise" superfluous. The phrase is meant as a catchall to include *other* actions that constitute bad faith. See *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 883 (N.D. Cal. 2015) ("when a statute provides a list of examples followed by a catchall term (or 'residual clause') like 'otherwise objectionable,' the preceding list provides a clue as to what the drafters intended the catchall provision to mean"). *A fortiori*, a "willful and intentional" failure to comply with the FOIA is not sanctionable unless that failure was itself in bad faith. We read the phrase "willfully and intentionally" together with "otherwise in bad faith," and we hold that, where a public body willfully, intentionally, and in bad faith failed to comply with the FOIA, the court shall impose a civil penalty. See *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 40 (affirming the trial court's decision to strike the plaintiff's petition for civil penalties under section 11(j), "because he could not show bad faith on the township's part").

¶ 15 The parties offer no definitions of the terms "willfully," "intentionally," or "bad faith," and the FOIA does not define these terms. The Merriam-Webster Dictionary defines "willful" as "done deliberately: intentional." Merriam-Webster Online Dictionary, https://merriam-webster.com/dictionary/willful (last visited July 1, 2021) [https://perma.cc/3M48-GTER]. It defines "intentional" as: "done by intention or design." Merriam-Webster Online Dictionary, https://merriam-webster.com/dictionary/intentional (last visited July 1, 2021) [https://perma.cc/JN59-B4HK]. Finally, it defines "bad faith" as "lack of honesty in dealing with other people." Merriam-Webster Online Dictionary, https://merriam-webster.com/dictionary/bad%20faith (last visited July 1, 2021) [https://perma.cc/FL94-89DF]. In addition, Black's Law Dictionary defines "bad faith" as follows:

> "The opposite of 'good faith,' generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Term 'bad faith' is not simply bad judgment or negligence but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will." Black's Law Dictionary 139 (6th ed. 1990).

Accordingly, based upon the plain meaning of these terms, to warrant the imposition of a civil penalty under section 11(j), the public body not only must have intentionally failed to comply with the FOIA but must have done so deliberately, by design, and with a dishonest purpose.

¶ 16 Here, plaintiff first requested "All 'No-Bills' and 'True Bills' of Indictment for May 7th and May 14th 1997, of the Grand Jury (CRIMINAL)." Defendant denied plaintiff's request as exempt under section 7(1)(a) of the FOIA, which exempts "[i]nformation specifically prohibited from disclosure by federal and State law or rules and regulations implementing federal or State law" (5 ILCS 140/7(1)(a) (West 2018)). Defendant informed plaintiff that his first combined request was denied because it was prohibited under section 112-6 of the Code (725 ILCS 5/112-6 (West 2018)). The trial court dismissed plaintiff's complaint. We affirmed the trial court's judgment, except regarding defendant's denial of the "true bills." *Williams I*, 2019 IL App (2d) 170779, ¶ 36.

¶ 17 Plaintiff's petition contained nothing indicating that defendant's denial of his request for "True Bills" was by design or dishonest. Plaintiff's request for "True Bills" was combined with his request for "No Bills." His request for "No-Bills" was properly denied. Plaintiff made no allegation in his complaint that defendant knew or had a reasonable belief that he had an obligation to provide plaintiff with "All 'No-Bills' and 'True Bills' of Indictment for May 7th and May 14th 1997, of the Grand Jury (CRIMINAL)." Plaintiff made only conclusory allegations, unsupported by specific facts, that defendant's "withholding of the requested True Bills from [him] were willful and intentional failures, or otherwise in bad faith." Similarly, plaintiff alleged, also in a conclusory manner and unsupported by specific facts, that defendant's failure to tender to him the requested documents with redactions was done "willfully and intentionally, or otherwise in bad faith." Plaintiff's allegations were woefully insufficient to establish conduct that would require a penalty under section 11(j). Plaintiff cites *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, to support his argument. However, *Rock River Times* illustrates how inadequate plaintiff's claim is.

¶ 18 In *Rock River Times*, 2012 IL App (2d) 110879, ¶ 1, the newspaper petitioned under the FOIA for a civil penalty against the school district based on the school district's willful and intentional failure to comply with the FOIA. In its petition, the newspaper alleged that the school district acted in bad faith by attempting to hide the contents of a letter written by a school principal in response to a reprimand, despite the public access counselor's (PAC's) written instructions to release the document. The newspaper alleged that the school district had refused to comply with its request for the document by attempting to invoke a series of exemptions under the FOIA, even after the PAC advised the school district that its exemptions were baseless and directed the school district to release the document. *Id.* ¶ 11. Instead of complying with the PAC's directive, the school district referred to the PAC's determination as "erroneous" and sought to invoke a third, inapplicable exemption before it ultimately released the document, stating that the PAC had orally informed it that the third exemption was inapplicable. The newspaper argued that the trial court should grant its request for attorney fees and a civil penalty because it obtained access to the document only as a result of filing suit. The newspaper also produced an affidavit from the PAC stating it never issued an oral opinion on the third exemption at all. *Id.* ¶¶ 11-14.

¶ 19 In assessing a civil penalty, the trial court found "most troubling" the school district's position that, after its first two claimed exemptions fell through, it could continue to assert additional exemptions. *Id.* ¶ 52. The trial court concluded that the school district willfully and

- 5 -

intentionally violated the FOIA by raising a third exemption after the first two were denied and by looking " 'for a way to save face' " rather than simply admitting that it was wrong. *Id.* ¶ 54. The trial court stated that "[t]he school's course of conduct, viewed in its totality, reflected a lack of good faith in responding to the newspaper's request." *Id.* ¶ 23. On appeal, we held that the trial court's decision that the school district willfully and intentionally violated the FOIA was not against the manifest weight of the evidence. *Id.* ¶ 54.

¶ 20 Unlike in *Rock River Times*, defendant did not willfully, intentionally, or otherwise in bad faith violate the FOIA by continuing to raise exemptions despite receiving guidance. Contrary to *Rock River Times*, defendant was not advised that the exemption he raised was baseless and that he needed to release the requested documents. See *id.* ¶ 11. Rather, the trial court upheld its original denial of plaintiff's request, and, when we separated into two requests plaintiff's joint request for true bills and no bills and ordered defendant to provide plaintiff with the true bills, defendant complied. Nothing in the record indicates that defendant intentionally failed to comply with the FOIA and did so deliberately, by design, and with a dishonest purpose. Therefore, the trial court's finding that defendant did not act in bad faith is not against the manifest weight of the evidence, and its denial of a civil penalty under section 11(j) of the FOIA is not an abuse of discretion. See *id.* ¶¶ 47-48 (although the court considered only written evidence in making its decision, the facts were disputed, and therefore the trial court's findings were reviewed under the manifest-weight-of-the-evidence standard).

¶ 21 Finally, plaintiff argues that statutory penalties were appropriate under section 11(j) because defendant, upon receiving our decision in *Williams I*, 2019 IL App (2d) 170779, provided to plaintiff the bills of indictment from the court files, not from defendant's own files, and defendant did not redact the witness's names. However, plaintiff failed to raise these arguments in the trial court, and therefore they are forfeited. See *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 42 ("arguments not raised in the trial court are [forfeited] for purposes of appeal").

¶ 22                                    III. CONCLUSION
¶ 23 The judgment of the circuit court of Winnebago County is affirmed.

¶ 24 Affirmed.