2023 IL App (3d) 210520

Opinion filed February 23, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| EDGAR COUNTY WATCHDOGS and KIRK ALLEN, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
|---|---|---|
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0520 Circuit No. 20-CH-683 |
| JOLIET TOWNSHIP, | ) ) | The Honorable Theodore J. Jarz, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justices Davenport and McDade concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Plaintiff Kirk Allen, on behalf of plaintiff Edgar County Watchdogs, submitted a request pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)) to defendant Joliet Township (Township), seeking "[a] copy of the hard drive contents" of a specified computer owned by the Township. The Township responded by seeking payment from plaintiffs for the costs of copying the hard drive and obtaining a storage device. Plaintiffs refused to pay and, instead, filed a complaint in circuit court alleging that the Township violated the FOIA. After both parties filed motions for summary judgment, the court entered an order requiring the Township to provide plaintiffs with all documents stored on the computer. Plaintiffs filed a petition

for attorney fees, costs, and civil penalties, which the court denied. Plaintiffs appeal, arguing that the trial court erred in denying them attorney fees, costs, and civil penalties. We affirm.

¶ 2                                                    I. BACKGROUND

¶ 3        On June 9, 2020, Allen, on behalf of Edgar County Watchdogs, submitted a FOIA request to the defendant Township, seeking in part: "A copy of the hard drive contents of the Dell XPS computer, serial number N781BU6." Allen asserted in his request that he qualified "as both media and non-profit" under the FOIA. He further asserted: "The purpose of the request is to access and disseminate information regarding the legal rights of the general public and is not for the principal purpose of personal or commercial benefit." Allen requested the records be sent to him "in electronic format."

¶ 4        On June 23, 2020, Township Supervisor Daniel Vera responded to Allen as follows:

> "We have been working with our IT company and they have informed us in order to make a copy of the hard drive it will require the following—
>
> 2 hours of IT work at $150/hour
>
> Plus the cost of the device you choose for the information.
>
> We are waiting for the quote in writing and will provide to you as soon as we receive it."

¶ 5        Three days later, Vera sent an e-mail to Allen, which stated: "Attached is the quote from the IT Company." Vera attached an invoice from NJS Enterprises, Inc., to the Township reflecting a total of $350 in charges, consisting of (1) $300 for "Onsite visit to install imaging software[;] Image Dell XPS computer with Serial#N781BU6 to an external hard drive[;] Create vhd FILE OF Computer", and (2) $50 for "Computer Equipment 500GB External Hard drive."

¶ 6        On July 3, 2020, Allen responded to Vera as follows: "While I appreciate you providing me a quote to the Township, that is not a quote or invoice to me. If you are asking that I pay the amount in the quote to the Township, please provide me an invoice accordingly so we can obtain the public records." On July 14, 2020, Vera responded by stating: "Attached is the invoice for the costs that will be incurred from our IT company. This is something that must be completed by our outside IT company[.]" Vera attached an invoice from Joliet Township to "Edgar County WatchDogs" for "IT Costs" totaling $350, which included (1) $300 for "Onsite visit to create vhd file of computer #N781BU6 (2hrs at $150/hr)" and (2) $50 for "500 GB external hard drive[.]" On July 15, 2020, Allen responded: "While I understand what your outside IT company must do, can you tell me what statutory basis which you are using for the fees being assessed?" The Township did not respond.

¶ 7        On August 21, 2020, plaintiffs filed a complaint against the Township in circuit court. In their complaint, plaintiffs alleged that Allen "qualifies as 'news media' " and worked for Edgar County Watchdogs, "a registered non-profit organization and an online news media website." In counts I and II of their complaint, plaintiffs alleged that the Township violated the FOIA by failing to produce and search for the records plaintiffs requested. In count III, plaintiffs alleged that the Township "willfully and intentionally" failed to comply with the FOIA.

¶ 8        In December 2020, plaintiffs filed a motion for partial summary judgment, arguing that the records they sought in their FOIA request should be "immediately released" to them. In February 2021, the Township filed a cross-motion for summary judgment, asserting that their "employees do not have the expertise to copy the hard drive of the subject computer on their own." Therefore, the Township argued it should be allowed to charge plaintiffs for the costs it would incur from "an IT company that [does] have the expertise to make a copy of the subject computer hard drive."

¶ 9        A hearing on the motions was held in May 2021. At the hearing, the court stated: "I don't think there is any dispute over whether—[the Township] want[s] to produce the records." However, there appeared to be confusion about what plaintiffs were seeking. The judge stated: "[I]t wasn't clear to me whether you were just looking for copies of computer documents or really getting into the hidden data so to speak that would be contained on the hard drive." Counsel for the Township expressed her belief that plaintiffs' FOIA request sought a copy of the hard drive itself, not just the documents on the hard drive. When the trial court questioned plaintiffs' counsel regarding whether plaintiffs "just wanted the documents" or also the "metadata" or "hidden meat so to speak" from the hard drive, plaintiffs' counsel responded:

"There is no need to read anybody's mind, right? We can just look at the language of the request. I mean, in this case I do know what they want is the records, the contents of the hard drive. And that's also—I'm just reading the words from the request itself which is, you know, copied from the complaint, attached to the complaint. It's just the contents of that hard drive. Not some big technological feat."

¶ 10        At the conclusion of the hearing, the trial court ordered the Township to "copy the documents on the computer and send them to the plaintiff within 28 days." The court expressed its belief that Township employees "could make that transfer" because it involved the "simple copying of the documents that are stored in the computer." Because no expert technical skills were required, the court ruled the Township was not entitled to any fees for responding to the FOIA request. Thereafter, the court entered a written order stating as follows: "Defendant to produce the hard drive contents of the computer at issue in this case by June 8, 2021. Hard drive contents shall mean copies of all documents stored on the computer. Meta data need not be reproduced."

4

¶ 11    On June 8, 2021, the Township provided plaintiffs with the documents stored on the computer. Thereafter, plaintiffs filed a petition for attorney fees, costs, and civil penalties, seeking attorney fees of $17,782.50 to $19,220.00, costs of $474.52, and civil penalties of $2500 from the Township. The Township filed a response arguing that plaintiffs were not entitled to attorney fees, costs, or civil penalties because the Township did not violate the FOIA and plaintiffs did not prevail in their FOIA action because they never obtained what they really wanted, "namely an actual copy of the hard drive of a specific computer in Defendant's possession, including metadata on that hard drive."

¶ 12    In October 2021, the trial court held a hearing on plaintiffs' petition. At the hearing, the trial court found that plaintiff's FOIA request "wasn't clear" and "wasn't explained" by plaintiffs. When the litigation began, the court did not know if plaintiffs were seeking the entire hard drive "and all its metadata" or "just copies of documents." When plaintiffs referred the court to "the plain language of the request[,]" the court responded, "That plain language of the request led me to believe that you wanted a complete copy of the hard drive which includes an awful lot of metadata, and you can't get it just by pressing buttons." The court did not believe that, prior to filing its lawsuit, plaintiffs ever made it clear to the Township that they "weren't looking for all the metadata" on the computer but only wanted "copies of the documents." The trial court denied plaintiffs' petition for attorney fees, costs, and civil penalties, stating, "I think this lawsuit was unnecessary, and I think if you would have made a reasonable attempt to clarify your request before bringing it, we wouldn't be here today."

¶ 13                                    II. ANALYSIS

¶ 14    Under the FOIA, a public body "is obligated to make its public records available for inspection and copying." *Martinez v. Cook County State's Attorney's Office*, 2018 IL App (1st)

5

163153, ¶ 14 (citing *Nelson v. Kendall County*, 2014 IL 116303, ¶ 27). "The purpose of FOIA is to open governmental records to the light of public scrutiny." *Id.* (citing *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009)).

¶ 15    Section 6 of the FOIA (5 ILCS 140/6 (West 2020)) addresses fees a public body can charge for producing documents pursuant to a FOIA request. That section provides in pertinent part:

"(a) When a person requests a copy of a record maintained in an electronic format, the public body shall furnish it in the electronic format specified by the requester, if feasible. If it is not feasible to furnish the public records in the specified electronic format, then the public body shall furnish it in the format in which it is maintained by the public body, or in paper format at the option of the requester. A public body may charge the requester for the actual cost of purchasing the recording medium, whether disc, diskette, tape, or other medium. If a request is not a request for a commercial purpose or a voluminous request, a public body may not charge the requester for the costs of any search for and review of the records or other personnel costs associated with reproducing the records. Except to the extent that the General Assembly expressly provides, statutory fees applicable to copies of public records when furnished in a paper format shall not be applicable to those records when furnished in an electronic format.

* * *

(b) Except when a fee is otherwise fixed by statute, each public body may charge fees reasonably calculated to reimburse its actual cost for reproducing and certifying public records and for the use, by any person, of the equipment of the public body to copy records. *** In calculating its actual cost for reproducing

6

records or for the use of the equipment of the public body to reproduce records, a public body shall not include the costs of any search for and review of the records or other personnel costs associated with reproducing the records, except for commercial requests as provided in subsection (f) of this Section. Such fees shall be imposed according to a standard scale of fees, established and made public by the body imposing them. The cost for certifying a record shall not exceed $1.

\*\*\*

(d) The imposition of a fee not consistent with subsections 6(a) and (b) of this Act constitutes a denial of access to public records for the purposes of judicial review." *Id.* § 6(a)-(b), (d).

¶ 16    A person denied access to inspect or copy a public record by a public body "may file suit for injunctive or declaratory relief." *Id.* § 11(a). If an individual "prevails" in such a proceeding, "the court shall award such person reasonable attorney's fees and costs." *Id.* § 11(i). "In determining what amount of attorney's fees is reasonable, the court shall consider the degree to which the relief obtained relates to the relief sought." *Id.* Additionally, "[i]f the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence." *Id.* § 11(j).

¶ 17                          A. Attorney Fees and Costs

¶ 18    Plaintiffs argue that the trial court erred in denying their petition for attorney fees and costs because they succeeded in their FOIA claim by obtaining a court order requiring the Township to provide them with the documents contained on the Township's computer. The Township responds

7

that plaintiffs did not prevail in their FOIA action because plaintiffs did not receive what they sought in their FOIA request—a copy of the computer hard drive.

¶ 19    We review a trial court's decision about a party's entitlement to attorney fees under the FOIA for an abuse of discretion. *Rockford Police Benevolent & Protective Ass'n v. Morrissey*, 398 Ill. App. 3d 145, 154 (2010). "An abuse of discretion exists where no reasonable person would agree with the position of the trial court." *Brax v. Kennedy*, 363 Ill. App. 3d 343, 355 (2005).

¶ 20    The primary purpose of the FOIA's fee-shifting provision is "to ensure enforcement of the FOIA." *Hamer v. Lentz*, 132 Ill. 2d 49, 62 (1989). "This is accomplished by removing the burden of legal fees, which might deter litigants from pursuing legitimate FOIA actions." *Id.* The fee-shifting provision was not "intended as either a reward for successful plaintiffs or as a punishment against the government." *Id.* Another goal of the fee-shifting provision is "to avoid unnecessary litigation by encouraging citizens to seek legal advice before filing suit." *Id.*

¶ 21    Prior to 2010, the award of attorney fees to a successful plaintiff in a FOIA case was discretionary, not mandatory. See *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, ¶ 13. At that time, the FOIA's attorney fees provision stated:

> "If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees and costs. If, however, the court finds that the fundamental purpose of the request was to further the commercial interests of the requestor, the court may award reasonable attorneys' fees and costs if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." 5 ILCS 140/11(i) (West 2008).

8

¶ 22      Under the prior version of the FOIA, "for a plaintiff to be awarded attorney fees, the plaintiff had to be both 'eligible' and 'entitled' to the fees." *Donley v. City of Springfield*, 2022 IL App (4th) 210378, ¶ 41 (citing *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 787 (1999)). "Eligibility depended on whether the plaintiff 'substantially' prevailed, and entitlement depended on whether 'the record or records in question clearly were of significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." *Id.* (quoting *Duncan Publishing, Inc.*, 304 Ill. App. 3d at 786).

¶ 23      However, in 2010, our legislature amended section 11(i) of the FOIA to provide: "If a person seeking the right to inspect or receive a copy of a public record *prevails* in a proceeding under this Section, the court *shall* award such person reasonable attorneys' fees and costs." (Emphases added.) 5 ILCS 140/11(i) (West 2010). In the amended version, the legislature deleted the word "substantially" and changed "may" to "shall." Pub. Act 96-542, § 10 (eff. Jan. 1, 2010) (amending 5 ILCS 140/11(i)). The legislature also removed the language requiring that the public entity lack any reasonable basis for rejecting a request. *Id.* Now, under section 11(i) of the FOIA, a trial court must award reasonable attorney fees and costs to a plaintiff who prevails in a FOIA action. 5 ILCS 140/11(i) (West 2020); see *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 44; *Uptown People's Law Center*, 2014 IL App (1st) 130161, ¶ 18.

¶ 24      The 2010 amendments to the FOIA reflect the legislature's "intention to be more favorable to individuals who make meritorious FOIA requests." *Uptown People's Law Center*, 2014 IL App (1st) 130161, ¶ 18. However, the amendments were not intended to "open the floodgates for any litigant—meritorious or not—to receive attorney fees." *Donley*, 2022 IL App (4th) 210378, ¶ 43. Through its amendments, the legislature "removed the question of entitlement from the attorney fees analysis but not the question of eligibility." *Id.* To prove eligibility, "the inquiry is whether

9

the filing of suit was reasonably necessary to obtain the information and a causal nexus exists between the action and the agency's surrender of the information." *Duncan*, 304 Ill. App. 3d at 786. Thus, to prevail under the current version of the FOIA, four requirements must be met: (1) "a lawsuit against the public entity," (2) "the document's production," (3) "the lawsuit to have caused the production of the documents," and (4) "the lawsuit to have been reasonably necessary to obtain those documents." *Donley*, 2022 IL App (4th) 210378, ¶ 40.

¶ 25        A plaintiff who receives documents it sought following litigation does not "*always* prevail[ ] within the meaning of the FOIA." (Emphasis in original.) *Id.* ¶ 38. This is true because "prevailing under the FOIA requires more than the simple correlation of (1) a lawsuit against the public entity and (2) the document's production." *Id.* ¶ 40. A plaintiff does not prevail if it "did not need to file a lawsuit to obtain the documents" but only needed to clarify or amend its FOIA request so the public body could "make an informed decision as to whether to disclose the documents." See *id.* ¶¶ 47, 51.

¶ 26        Here, the court entered an order requiring the Township to provide documents to plaintiffs after plaintiffs filed their FOIA lawsuit. Therefore, plaintiff met three of the requirements necessary to "prevail." See *id.* ¶ 40. However, the trial court found plaintiffs' lawsuit "unnecessary" and opined that it could have been avoided if plaintiffs had "made a reasonable attempt to clarify [their] request before bringing [suit]." Because plaintiffs could have obtained the documents they sought by clarifying their FOIA request instead of filing suit, plaintiffs' lawsuit was not "reasonably necessary to obtain the documents." Thus, plaintiffs did not meet the fourth requirement necessary to "prevail" under the FOIA, and the trial court properly denied plaintiffs' request for attorney fees and costs. See *id.* ¶¶ 40, 47, 51.

¶ 27    The trial court's denial of attorney fees and costs in this case is consistent with the purposes of the FOIA's fee-shifting provision. The purposes of the provision are "to ensure enforcement of the FOIA" and "to avoid unnecessary litigation," not to reward successful plaintiffs or punish the government. *Hamer*, 132 Ill. 2d at 62. In this case, plaintiffs' FOIA litigation was unnecessary to ensure the Township's compliance with the FOIA. As the trial court explained, the Township "want[ed] to produce the records" but did not understand what records plaintiffs were seeking. Instead of filing a lawsuit, plaintiffs could have much more easily clarified their FOIA request. If plaintiffs had done so, the Township would have provided plaintiffs the documents they wanted, and both parties would have avoided unnecessary litigation and litigation expenses, including attorney fees and costs. Under these circumstances, the purposes of the FOIA's fee-shifting provision support the trial court's denial of attorney fees and costs to plaintiffs in this case. See *Donley*, 2022 IL App (4th) 210378, ¶ 50.

¶ 28                                   B. Civil Penalties

¶ 29    Plaintiffs also argue that the trial court erred in denying their request for civil penalties because the Township's demand of $350 in fees for production of the requested materials constituted a "willful, intentional, and bad faith violation of FOIA." The Township responds that its request for fees from plaintiffs was reasonable and not made in bad faith.

¶ 30    Under section 11(j) of the FOIA (5 ILCS 140/11(j) (West 2020)), plaintiffs are entitled to civil penalties if they can show a public body willfully, intentionally, and in bad faith failed to comply with the FOIA. *Williams v. Bruscato*, 2021 IL App (2d) 190971, ¶ 14. "[T]o warrant the imposition of a civil penalty under section 11(j), the public body not only must have intentionally failed to comply with the FOIA but must have done so deliberately, by design, and with a dishonest purpose." *Id.* ¶ 15.

11

¶ 31    Whether a public body willfully, intentionally, and in bad faith failed to comply with the FOIA is reviewed under the manifest-weight-of-the-evidence standard. *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, ¶ 48. A trial court's decision is against the manifest weight of the evidence "only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence." *Judgment Services Corp. v. Sullivan*, 321 Ill. App. 3d 151, 154 (2001).

¶ 32    Here, the trial court found that the Township did not willfully, intentionally, and in bad faith fail to comply with the FOIA, stating that the Township "want[ed] to produce the records" but did not understand what plaintiffs were asking it to produce. We agree.

¶ 33    The Township reasonably interpreted plaintiffs' FOIA request as a request for a copy of the hard drive of the specified Township computer, which would require duplication of all operating systems, software, files, and data, including metadata, contained on the hard drive. See *Alliance of Artists & Recording Cos. v. General Motors Co.*, 162 F. Supp. 3d 8, 14 (D.D.C. 2016); *John B. v. Goetz*, 879 F. Supp. 2d 787, 880 (M.D. Tenn. 2010); *United States v. Metter*, 860 F. Supp. 2d 205, 210 n.3 (E.D.N.Y. 2012). Township personnel lacked the expertise to copy the computer's hard drive, so the Township consulted an information technology (IT) company to do so. The IT company informed the Township that the cost to copy the hard drive was $350: $300 for installing the imaging software on the computer and copying the hard drive and $50 for an "external hard drive" on which a copy of the computer's hard drive would be recorded.

¶ 34    Section 6(a) of the FOIA authorized the Township to charge plaintiffs $50 for the external hard drive as the Township's "actual cost of purchasing the recording medium." See 5 ILCS 140/6(a) (West 2020). Courts have ruled that a public body cannot charge more than the cost of the electronic recording device when a FOIA requester seeks electronic records. See *Sage*

12

*Information Services v. Suhr*, 2014 IL App (2d) 130708, ¶ 20; *Sage Information Services v. Humm*, 2012 IL App (5th) 110580, ¶ 18. However, in those cases, the public bodies incurred no additional costs for obtaining and reproducing the materials requested by the plaintiffs.

¶ 35    In drafting section 6 of the FOIA, the legislature seemed to presume that no costs would be borne by a public body in responding to a FOIA request other than the cost of purchasing a recording medium because the public body's "personnel" would be able to "reproduc[e] the records" requested. See 5 ILCS 140/6(a) (West 2020). Here, where the Township's personnel lacked the expertise to produce what the Township believed plaintiffs were requesting—a copy of the hard drive itself—the Township sought to pass on the costs it incurred in responding to plaintiffs' request to plaintiffs, the requester. While no provision of the FOIA expressly allowed the Township to request such fees from plaintiffs, the Township's request was not made for a dishonest purpose and, therefore, did not amount to bad faith. See *Williams*, 2021 IL App (2d) 190971, ¶ 15. The Township merely attempted to recoup its costs from the party requesting the information, rather than passing on those costs to Township taxpayers.

¶ 36    Based on the facts of this case, the trial court's finding that the Township did not willfully, intentionally, and in bad faith fail to comply with the FOIA was not against the manifest weight of the evidence. The trial court properly denied plaintiffs' request for civil penalties.

¶ 37                                III. CONCLUSION

¶ 38    The judgment of the circuit court of Will County is affirmed.

¶ 39    Affirmed.

*Edgar County Watchdogs v. Joliet Township*, 2023 IL App (3d) 210520

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-CH-683; the Hon. Theodore J. Jarz, Judge, presiding. |
| **Attorneys for Appellant:** | Matthew Topic, Josh Loevy, Merrick Wayne, and Shelley Geiszler, of Loevy & Loevy, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Tammy S. Warden, of Tracy, Johnson & Wilson, of Joliet, for appellee. |