2023 IL App (1st) 211656

FIRST DISTRICT,
FIRST DIVISION
October 10, 2023

No. 1-21-1656

| | | |
|---|---|---|
| OILY THOMAS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2019 CH 06865 |
| | ) | |
| THE COUNTY OF COOK, | ) | Honorable |
| | ) | Sophia H. Hall, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Presiding Justice Lavin and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2                              I. BACKGROUND

¶ 3     In 1992, plaintiff Oily Thomas (Thomas) was convicted of first degree murder after the June 4, 1991, shooting of Edward McComb and sentenced to 75 years' imprisonment. See *People v. Thomas*, 364 Ill. App. 3d 91, 93 (2006). On January 14, 2019, pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)), Thomas sent a letter to defendant County of Cook (County), requesting all postmortem photographs, autopsy photographs, and X-rays of McComb from the County's medical examiner.

¶ 4     On January 17, 2019, the County responded, through Registered Health Information Administrator Mary E. Marik, that it was in possession of 38 autopsy photographs, but 35 of the photographs were "exempt from disclosure" under section 7(1)(c) of FOIA because they depicted "a decedent postmortem" and constituted an "unwarranted invasion of personal privacy." The

County explained that such an invasion of privacy "means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." Citing Public Access Opinion No. 10-003, the County stated that "courts have determined that autopsy photographs are records that are highly personal and their release would be objectionable to reasonable persons."

¶ 5 On March 22, 2019, Thomas challenged the denial of access to 35 of the requested photographs, claiming that "a forensic examination of the requested documents *** is expected to show that the objective evidence from the documents irrefutably impeaches the testimony of [the eye]witnesses." Thomas also asserted that "the personal privacy of the McComb family *** is far outweighed by the reasonable claim that [the] records could have an innocent man released from prison."

¶ 6 On June 5, 2019, Thomas filed a complaint alleging that defendant violated FOIA by denying his requests for all 38 of the autopsy photographs. Thomas alleged that the violation was done willfully and intentionally or otherwise in bad faith and requested declaratory and injunctive relief, attorney fees, and penalties.

¶ 7 On June 12, 2019, Thomas submitted a second FOIA request for "all of the records and physical objects, without limitation" related to the death of McComb.[1]

¶ 8 The County filed its response to Thomas's complaint on August 22, 2019, in which it again asserted that 35 of the autopsy photographs were "exempt from disclosure pursuant to 5 ILCS 140/7(1)(c)" because they "depicted a decedent postmortem."

¶ 9 The parties filed cross-motions for summary judgment. Thomas argued, *inter alia*, that the County's "refusal to produce the 35 photographs was willful and intentional or otherwise in bad

_____

[1]Thomas's second request is not a part of the record on appeal but is quoted in an email from Marik to Thomas's attorney, attached as an exhibit to the County's Motion for Summary Judgment.

faith" and that the County's denial "subjects the [County[ to statutory penalties." The County responded, in relevant part, that, pursuant to section 7(1)(c), it had "complied with its FOIA obligations and properly withheld Edward McComb's postmortem photographs" and that there was no "willful and intentional violation of FOIA" under section 11(j).

¶ 10 On December 10, 2020, the trial court granted Thomas's motion for summary judgment in part and ordered the production of all 38 autopsy photographs. The court also granted the County's motion in part, finding that "the record is devoid of any evidence of willful or intentional conduct by Defendant in withholding the phot[o]s or that Defendant otherwise acted in bad faith in withholding the requested autopsy photographs as exempt under 5 ILCS 140/7(1)(c)."

¶ 11 Thomas filed a motion for reconsideration of the denial of penalties, arguing that the record contains "evidence of willful or intentional conduct in not producing the requested materials, or other evidence of bad faith on the part of the defendant." Specifically, Thomas alleged that "[t]he correspondence of record in this case shows that the defendant consciously and deliberately (willfully and intentionally) refused to turn over the requested documents."

¶ 12 At the August 25, 2021, hearing on Thomas's motion for reconsideration, the County argued that the medical examiner properly denied Thomas's request, based on the privacy interest exemption. The County acknowledged that there was a "balancing test," but argued that it was not required to produce the photographs simply because Thomas disagreed with the results of the test. The County also argued that knowingly raising an exemption could not constitute a willful and intentional violation of FOIA, even if the exemption was later determined to be inapplicable. Thomas's motion to reconsider was denied.

¶ 13 II. ANALYSIS

¶ 14 Thomas argues that the trial court's finding that the County did not "willful[ly] and intentional[ly]" fail to comply with FOIA or otherwise act in bad faith constituted an erroneous

interpretation of section 11(j) of FOIA. The County argues that the trial court's finding was not against the manifest weight of the evidence, where the County reasonably believed that the withheld photographs were exempt under section 7(1)(c) of FOIA.

¶ 15    Section 11(j) of FOIA states in relevant part: "If the court determines that a public body *willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith*, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence." (Emphasis added.); 5 ILCS 140/11(j) (West 2018). " 'To warrant the imposition of a civil penalty under section 11(j), the public body not only must have intentionally failed to comply with the FOIA but must have done so deliberately, by design, and with a dishonest purpose.' " *Edgar County Watchdogs v. Joliet Township*, 2023 IL App (3d) 210520, ¶ 30 (quoting *Williams v. Bruscato*, 2021 IL App (2d) 190971, ¶ 14).

¶ 16    A trial court's finding that a public body willfully, intentionally, and in bad faith failed to comply with FOIA is reviewed under the manifest-weight-of-the-evidence standard, "regardless of whether the underlying facts are disputed." *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, ¶ 48. A trial court's decision is against the manifest weight of the evidence "only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence." *Judgment Services Corp. v. Sullivan*, 321 Ill. App. 3d 151, 154 (2001).

¶ 17    In this case, the trial court found that the County did not willfully, intentionally, and in bad faith fail to comply with FOIA, stating that the record was entirely "devoid" of any evidence of such conduct. In denying Thomas's motion to reconsider, the court further explained that the County did not act willfully, intentionally, or in bad faith "through its conduct with respect to the response to the request and the conduct in raising an exemption which was presented to the Court." We agree.

¶ 18 Although the argument was ultimately rejected by the trial court, the County reasonably asserted that the autopsy photographs were exempt from FOIA disclosure obligations under section 7(1)(c). This section exempts the following from disclosure under FOIA:

"Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. 'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." 5 ILCS 140/7(1)(c).

¶ 19 In support of the claimed exemption, the County cited Public Access Opinion No. 10-003 (2010 Ill. Att'y Gen. Pub. Access Op. 10-003, https://foiapac.ilag.gov/content/pdf/opinions/2010/2010-003.pdf (last visited Sept. 29, 2023) [https://perma.cc/U7AL-V6CC]). "While Attorney General Opinions are not binding on the courts, a well-reasoned opinion of the Attorney General is entitled to considerable weight ***." *Burris v. White*, 232 Ill. 2d 1, 8 (2009); 5 ILCS 140/9.5(f) (West 2018). In Public Access Opinion No. 10-003, the Attorney General concluded that, based on section 7(1)(c) of FOIA, "the release of the post-mortem photographs" of decedents to newspaper reporters "would constitute an unwarranted invasion of the surviving family members' personal privacy." 2010 Ill. Att'y Gen. Pub. Access Op. 10-003, at 11. The Attorney General noted that "courts have determined that autopsy photographs are records that are highly personal and their release would be objectionable to reasonable persons." *Id*. at 9.

¶ 20 In reaching its opinion, the Attorney General relied on *National Archives & Records Adm'n v. Favish*, 541 U.S. 157 (2004). In *Favish*, the United States Supreme Court held that a deceased person's family members have a privacy interest in preventing the disclosure of the deceased's

death-scene photographs that could be properly considered exempt under federal FOIA exemption 7(C) (5 U.S.C. § 552(b)(7)(C) (2000)), which excuses from disclosure records that " 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.' " *Id.* at 168-71 (quoting 5 U.S.C. § 552(b)(7)(C) (2000)). The Supreme Court explained that "[f]amily members have a personal stake in honoring and mourning their dead and objecting to unwarranted public exploitation that, by intruding upon their own grief, tends to degrade the rites and respect they seek to accord to the deceased person who was once their own." *Id*. at 168.

¶ 21    In the instant case, the record does not support Thomas's assertion that the County's objection to releasing the autopsy photographs was motivated by bad faith. Therefore, the trial court properly denied Thomas's request for civil penalties.

¶ 22                               III. CONCLUSION

¶ 23    For the reasons set forth herein, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.

***Thomas v. County of Cook*, 2023 IL App (1st) 211656**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-6865; the Hon. Sophia H. Hall, Judge, presiding. |
| **Attorneys for Appellant:** | Robert L. Caplan, of Clarendon Hills, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Silvia Mercado Masters, and Prathima Yeddanapudi, Assistant State's Attorneys, of counsel), for the People. |